Fee Paid

POOR QUALITY ORIGINAL

97

25-12760

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI, 48085

v.

Case: 2:25-cv-12760
Assigned To : McMillion, Brandy R.
Referral Judge: Stafford, Elizabeth A.
Assign. Date : 9/2/2025
Description: CMP AHLAM KHALID NAFISEE V US DEPT OF JUSTICE
ET AL (:LH)

**U.S. Department of Justice,**
**Federal Bureau of Investigation,**
Defendants.

## COMPLAINT FOR VIOLATION OF FREEDOM OF INFORMATION ACT

Submitted by,

Date:   September 2, 2025

**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI 48085
Phone: (248) 842-1412
Email:

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI, 48085


v.

Civil Action No.   _____

Hon.   _____

**U.S. Department of Justice,**
**Federal Bureau of Investigation,**
Defendants.


## COMPLAINT FOR VIOLATION OF FREEDOM OF INFORMATION ACT


## PRELIMINARY STATEMENT


1. This action arises from the Defendants' failure to comply with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff, a whistleblower, submitted multiple FOIA requests to the Federal Bureau of Investigation ("FBI") and the Department of Justice ("DOJ") seeking records documenting telephone communications and related matters of significant public concern.

2. These requests were precipitated by intimidation calls from the Maryland Office of the Attorney General's ("OAG") mainline[1], during which state officials inquired about Plaintiff's

---

[1] Plaintiff acknowledges that the Maryland OAG is a state entity not subject to FOIA. This action does not seek records directly from the Maryland OAG. Rather, Plaintiff seeks records within the possession, custody, or control of DOJ or FBI that document, reference, or relate to such communications, to the extent such federal records exist.

evidence submitted to the FBI and the Securities and Exchange Commission ("SEC"), in February and March 2025, concerning RICO fraud, and sought to dissuade Plaintiff from pursuing a Maryland Public Information Act ("MPIA") request.

3. By this action, Plaintiff seeks judicial enforcement of FOIA to compel Defendants to release responsive records and to ensure the public's right to know.

## NATURE OF ACTION

4. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the DOJ and FBI, to comply with their statutory obligations.

5. Plaintiff submitted three FOIA requests in June and July 2025, seeking records documenting or relating to telephone communications placed to, or received by, the FBI ("Detroit Field Office"), including calls with Maryland OAG regarding matters of public concern.

6. Defendants failed to issue timely determinations, unlawfully closed one request without adjudication, and failed to conduct adequate searches or produce responsive, non-exempt records.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

8. Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) and  28 U.S.C. § 1391(e)(1), because Plaintiff resides within this District and the records sought are believed to be maintained or controlled by the DOJ and  FBI subject to this Court's jurisdiction.

## PARTIES

9.  Plaintiff is a resident of Oakland County, Michigan, within the Eastern District of Michigan. Plaintiff brings this action pro se as a requester of records under FOIA.

10. Defendant DOJ is an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1). DOJ has possession, custody, and control of the records that Plaintiff seeks.

11. Defendant FBI is a component of the DOJ and an agency within the meaning of 5 U.S.C. § 552(f)(1). The FBI is responsible for processing FOIA requests and for maintaining the records at issue in this case, including those held by the FBI Detroit Field Office.

## I. FOIA REQUEST #1

12. On June 23, 2025, Plaintiff submitted a FOIA request to the FBI seeking records relating to the handling and rerouting of calls to the Detroit Field Office. A copy of this request is attached as (Exhibit A).

13. On June 26, 2025, the FBI acknowledged receipt of this request and denied Plaintiff's request for expedited processing.

14. Under FOIA, the FBI was required to make a determination regarding the request within 20 business days, or by July 23, 2025. The FBI failed to do so.

15. On July 29, 2025, Plaintiff timely appealed to the Office of Information Policy ("OIP"), due to the FBI's failure to respond within the statutory deadline. A copy of this appeal is attached as (Exhibit A-2).

16. On that same date, July 29, 2025, the appeal was acknowledged as received, and Plaintiff's request for expedition was again denied.

17. The statutory deadline for the OIP to adjudicate the appeal was on August 26, 2025. No determination, decision, or records were produced by that deadline.

18. Defendants have unlawfully withheld agency records in violation of 5 U.S.C. § 552(a)(3).

**II. FOIA REQUEST #2**

19. On June 27, 2025, Plaintiff submitted a FOIA request to the FBI seeking records of two telephone calls made to Plaintiff from the Maryland OAG's mainline (410-576-6300). These calls involved Assistant Attorney General Kelvin Blake and Maryland Securities Commissioner Melanie Senter Lubin. Plaintiff requested call metadata, logs and any audio recording of these calls. (Exhibit B).

20. As reflected in (Exhibit D-1), the first call occurred on May 19, 2025, when Maryland Assistant Attorney General Kelvin Blake contacted Plaintiff through the Maryland OAG mainline regarding evidence Plaintiff submitted to the SEC, on February 3, and March 24, 2025, and to the FBI, on February 26 and March 24, 2025 related to a multistate fraud RICO case. Mr. Blake did not or could not explain how the matter came to his attention or was referred to his office. Plaintiff subsequently submitted a Maryland Public Information Act request to clarify circumstances of that call.

21. On May 21, 2025, Plaintiff returned a voicemail from Maryland Securities Commissioner Melanie Senter Lubin by calling her personal Baltimore cell phone, Baltimore no. (410-576-6365). Ms. Lubin did not answer, and Plaintiff left a message. Later that same day, Ms. Lubin returned Plaintiff's call from the publicly funded mainline of the Maryland Office of the Attorney General. During this call Ms. Lubin sought to dissuade Plaintiff from pursuing the (MPIA) request. (Ex. D-1)

22. Plaintiff subsequently documented this intimidation in correspondence with the Maryland OAG. (Exhibits F through F-4) include Plaintiff's May 20, 2025, MPIA request and the Maryland OAG's contradictory responses, first stating, on May 22, 2025, that the request was

referred to the Maryland OAG from the Department of Labor, Licensing and Regulations ("DLLR"), and then later, May 28, 2025, claiming no responsive records existed, contradicting Plaintiff's May 2025 T-Mobile call log (Ex. D-1). These shifting explanations underscore the need for federal agency records, as they raise questions about how Plaintiff's MPIA request was handled and whether federal agencies received, retained, or generated records documenting the calls.

23. Plaintiff therefore requested federal agency records documenting or relating to these communications, including but not limited to call metadata, logs, or recordings in FBI files, in order to determine the circumstances under which state officials used government resources in connection with Plaintiff's pending request.

24. On July 3, 2025, the FBI acknowledged receipt of the request and denied Plaintiff's request for expedited processing and fee waiver. On July 10, 2025, the FBI issued a denial, administratively closing the request and denied Plaintiff's request on the grounds that it "does not fall under the purview of "FOIPA." A copy of this denial is attached as (Exhibit B-1). Plaintiff timely appealed to the DOJ's OIP, disputing the closure. A copy of this appeal is attached as (Exhibit B-2). The appeal was acknowledged on July 15, 2025, and expedited processing was again denied. The OIP failed to adjudicate the appeal within 20 business days.

25. Defendants have unlawfully withheld agency records in violation of 5 U.S.C. § 552(a)(3).

**III. FOIA REQUEST #3**

26. On July 17, 2025, Plaintiff submitted a FOIA request via the FBI's online portal, seeking audio recordings, transcripts, metadata, routing records, and internal notes related to five phone calls placed by Plaintiff to the Detroit Field Office between January 24, 2025 and July 15, 2025, concerning a RICO fraud matter Plaintiff reported to the FBI and SEC (Exhibit C). The dates and times of these five calls are reflected in Plaintiff's T-Mobile call logs (Exhibits D-2, and E through E-3).

27. In support of this request, and in support of Plaintiff's request for expedited processing, Plaintiff attached (i) the transcript of a legally recorded call with Maryland Securities Commissioner Melnaie Senter Lubin (Ex. A-1); (ii) the May 21, 2025 T-Mobile call log, highlighting that Ms. Lubin placed a call to Plaintiff from a publicly funded government line (Ex. D-1); and (iii) Plaintiff cited Ms. Lubin's April 3, 2019 congressional testimony, in which she emphasized that **"protecting whistleblowers is essential to upholding the rule of law. Without it, the integrity of our markets and public trust in government are at risk."** This transcript and testimony were submitted to demonstrate that the requested FBI records concern matters of significant public interest involving potential suppression of whistleblower communications, thereby justifying expedited processing under 5 U.S.C. § 552(a)(6)(E). Plaintiff further attaches (Exhibits F through F-4), which consist of Plaintiff's MPIA request and the Maryland OAG's contradictory responses issued between May 22 and May 28, 2025, first asserting that the request was referred by the DLLR, and later denying the existence of responsive records all together. These shifting explanations underscore the urgency of disclosure

8

and further demonstrate why the DOJ and FBI records documenting these communications are of significant public interest.

28. The FBI's portal generated an automated submission confirmation on July 17, 2025. Unlike Plaintiff's two prior FOIA requests, no formal acknowledgment of receipt was issued by the Record/Information Dissemination Section, and no determination regarding expedited processing or a fee waiver was ever provided.

29. Defendants have unlawfully withheld agency records in violation of 5 U.S.C. § 552(a)(3).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

30. Under 5 U.S.C. § 552(a)(6)(A)(i), the FBI was required to make a determination within twenty business days. That deadline lapsed in mid-August 2025. No response, extension notice, or production of records was provided.

31. Although Plaintiff noted this lack of acknowledgement in a subsequent appeal filed on July 29, 2025 (Ex. A-2), the FBI has never addressed this FOIA request of Plaintiff's mention of it in that appeal submission.

32. Defendants have wrongfully withheld agency records responsive to Plaintiff's FOIA request in violation of 5 U.S.C. § 552(a)(3). **Accordingly, Plaintiff has therefore constructively exhausted all administrative remedies under 5 U.S.C. § 552(a)(6)(C).**

## PATTERN OF NONCOMPLIANCE

35. Defendants' repeated failure to issue determinations demonstrates systemic disregard for FOIA's statutory mandates. As of this filing, no determination has been issued on any of the three FOIA requests submitted in 2025. Two requests were appealed to the OIP, which also failed to respond within the statutory 20 business days, and the third request (July 17, 2025) lapsed without any agency acknowledgement or determination.

36. This repeated pattern of noncompliance demonstrates Defendants' systemic disregard for statutory deadlines and obligations under FOIA. Such failures undermine the core purpose of FOIA, which is to ensure transparency and accountability in government operations.

37. Plaintiff has a clear legal right to the requested records and to timely determinations on each request. By failing to comply with FOIA's requirements, Defendants have wrongfully withheld responsive records.

## CLAIMS FOR RELIEF (FOIA)

### Count I – FOIA Request No. 1 (June 23, 2025)

38. Defendants violated the Freedom of Information Act, 5 U.S.C. § 552(a)(3)(A) and §552(a)(6)(A), by failing to:

a. issue a timely determination on Plaintiff's June 23, 2025 FOIA request;

b. conduct an adequate, good-faith search for all records responsive to that request; and

c. release all non-exempt records, including reasonably segregable portions, thereby unlawfully withholding such records in violation of 5 U.S.C. § 552(b).

36. Plaintiff has exhausted all required administrative remedies with respect to this request, or is deemed to have constructively exhausted them pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

### Count II – FOIA Request No. 2 (June 27, 2025)

37. Defendants violated the Freedom of Information Act, 5 U.S.C. § 552(a)(3)(A) and §552(a)(6)(A), by:

a. unlawfully closing Plaintiff's June 27, 2025 FOIA request without proper determination;

b. failing to timely adjudicate Plaintiff's July 14, 2025 administrative appeal;

c. failing to conduct adequate, good-faith search for responsive records; and

d. unlawfully withholding non-exempt records, including reasonably segregable portions, in violation of 5 U.S.C. § 552(b).

38. Plaintiff has exhausted all required administrative remedies with respect to this request, or is deemed to have constructively exhausted them pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

**Count III – FOIA Request No. 3 (July 17, 2025)**

39. Defendants violated the Freedom of Information Act, 5 U.S.C. § 552(a)(3)(A) and

§552(a)(6)(A), by:

a. failing to acknowledge or issue a timely determination on Plaintiff's July 17, 2025 FOIA

request;

b. failing to conduct adequate, good-faith search for responsive records; and

c. unlawfully withholding non-exempt records, including reasonably segregable portions, in

violation of 5 U.S.C. § 552(b).

40. Plaintiff has exhausted all required administrative remedies with respect to this request, or is

deemed to have constructively exhausted them under 5 U.S.C. § 552(a)(6)(C)(i).


## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor

and grant the following relief:


a. **Declare** that Defendants violated Freedom of Information Act, 5 U.S.C. § 552, (i) by failing to

issue a determination within the statutory deadline on Plaintiff's FOIA requests, (ii) unlawfully

closing one request without issuing a proper determination, and (iii) unlawfully withholding

non-exempt records, including segregable portions, responsive to Plaintiff's three FOIA requests;


b. **Compel Defendants to conduct adequate, good-faith searches** for all records responsive to

each of Plaintiff's FOIA requests, including but not limited to call records, routing, metadata,

and internal notes related to the FBI Detroit Field Office calls identified in Exhibits D-2 and E

through E-3.

c. **Compel Defendants to promptly produce all non-exempt responsive records** in their entirety, or in part after redacting only those portions properly exempt under FOIA, including records related to the FBI's handling of the calls reflected in Exhibits D-2 and E through E-3.

d. **Compel Defendants to provide a Vaughn index** identifying any records withheld in whole or in part, and the specific FOIA exemptions claimed for each withholding, including records referenced and the specific exemptions claimed for Exhibits A & A-2, B & B-2, and C.

e. **Order Defendants to release all reasonably segregable portions** of responsive records, consistent with 5 U.S.C. § 552(b);

f. **Set a production schedule** with deadlines for rolling productions, and require Defendants to file **status reports every 30 days** to ensure compliance;

g. **Grant Plaintiff's requests for fee waivers and expedited processing** to the extent applicable under 5 U.S.C. § 552(a)(6)(E) and § 552(a)(4)(A)(iii), including records relevant to whistleblower protections and government resource use as supported by (Ex. A-1, D-1), the Lubin transcript, T-Mobile call log, and (Ex.C), which highlights Ms. Lubin's April 3, 2019 congressional testimony emphasizing that "protecting whistleblowers is essential to upholding the rule of law. Without it, the integrity of our markets and public trust in government are at risk."

h. **Award Plaintiff litigation costs, including the filing fee**, and, if Plaintiff later obtains counsel, award reasonable attorney's fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

i. **Grant such other equitable or injunctive and relief** as the Court deems just and proper; and

j. **Retain Jurisdiction** to enforce the Court's orders, supervise compliance, and adjudicate any disputes concerning Defendants' ongoing obligations under FOIA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant relief requested herein, together with such other and further relied as the Court deems just and proper.

Submitted by,

Date:   September 2, 2025

Ahlam Khalid Nafisee
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI 48085
Phone: (248) 842-1412
Email:

_____

*Ahlam Khalid Nafisee*

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI, 48085


v.

Civil Action No.   _____
Hon.   _____


**U.S. Department of Justice,**
**Federal Bureau of Investigation,**
Defendants.



## EXHIBIT INDEX


For ease of reference, Plaintiff has organized supporting documents into a sequential exhibit system. Each primary document is identified by a letter (e.g., Exhibit A, B, C, D), and related or supplemental materials are identified with sub-designations (e.g., Exhibit A-1, A-2). Where necessary, certain exhibits are incorporated by reference from earlier submissions or included again for purposes of appeal records. This structure is intended to promote clarity, avoid redundancy, and assist the Court in reviewing the materials in their proper chronological order.


**Exhibit A** - June 23, 2025 - FOIA Request No. 1 submitted to FBI (Detroit Field Office) - (3, 11)

**Exhibit A-1** - May 21, 2025 - Transcript of legally recorded phone call with Melanie Senter Lubin (supporting expedited processing/whistleblower context) - (6, 7, 12)

**Exhibit A-2** - July 29, 2025 - Administrative Appeal to OIP re untimely response to FOIA Request No. 1 - (4, 8, 11)

**Exhibit B -**   June 27, 2025 - FOIA Request No. 2 submitted to FBI (metadata, call logs, and audio of two calls from MD OAG mainline 410-576-6300) - (4, 5, 11)

**Exhibit B-1** - July 10, 2025 - FBI denial and administrative closure ("does not fall under FOIPA") - (5)

**Exhibit B-2** - July 14, 2025 - Administrative Appeal to OIP challenging closure of FOIA Request No. - (2 - 5, 6,)

**Exhibit C** - July 17, 2025- FOIA Request No. 3 submitted to FBI; automated portal submission confirmed (no RID acknowledgment issued) - (6, 11, 12)

**Exhibit D-1 -** May, 2025- T-Mobile Phone Records, highlighted to show May 19 & 21 calls from MD OAG mainline -  (5, 12)

**Exhibit D-2** - May, 2025- T-Mobile Phone Records, highlighted to show May 23 outgoing calls from Plaintiff to the Detroit Field Office (313-965-2323) - (6, 11)

**Exhibit E** - January- July, 2025 - T-Mobile Phone Records, produced by Carrier (Plaintiff's outgoing calls to the FBI Detroit Field Office.

**Exhibit E-1** - January 24, 2025 - call log highlighted to show January 24 outgoing call from Plaintiff to the Detroit Field Office (313-965-2323) - (6, 11)

**Exhibit E-2** - February 20, 2025 - call log highlighted to show February 20 outgoing call from Plaintiff to the Detroit Field Office (313-965-2323) - (6, 11)

**Exhibit E-3** - July 15, 2025 - call log highlighted to show July 15 outgoing call from Plaintiff to the Detroit Field Office (313-965-2323) - (6, 11)

**Exhibit F** - May 20, 2025 - Maryland OAG acknowledgment of Plaintiff's Maryland Public Information Act - (2, 6, 7)

**Exhibit F-1** - May 20, 2025 - Plaintiff's clarification email to Maryland OAG regarding complaint CPAS 2025-30 - (2, 6, 7)

**Exhibit F-2** - May 21 2025 - - Plaintiff emails the Maryland OAG documenting a phone call received earlier that day from Maryland Securities Commissioner Melanie Senter Lubin, in which Ms. Lubin repeatedly encouraged Plaintiff to rescind Plaintiffs MPIA request. The email was submitted to ensure the incident was recorded in the OAG's files and to preserve an accurate account of the intimidation attempt - (2, 6, 7)

**Exhibit F-3** - May 22, 2025 - Maryland OAG reply to Plaintiff's MPIA request, stating Plaintiff's case file had been referred by the Department of Labor, and Licensing and Regulation (DLLR) - (2, 6, 7)

**Exhibit F-4** - May 28, 2025 - Maryland OAG reply, stating that no responsive records existed within the OAG custody - (2, 6, 7)

Submitted by,

Date:   September 2, 2025

Ahlam Khalid Nafisee
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI 48085
Phone: (248) 842-1412
Email:

_____

*Ahlam Khalid Nafisee*

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI, 48085


v.

Civil Action No.   _____
Hon.  _____


**U.S. Department of Justice,**
**Federal Bureau of Investigation,**
Defendants.


**EXHIBIT A**

FOIA Request No. 1 - June 23, 2025


Submitted by,

Date:   September 2, 2025


**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI 48085
Phone: (248) 842-1412
Email:

_____

*Ahlam Khalid Nafisee*


Exhibit A - Page 1 of 17

**Individual Information**
**Submitted: June 23, 2025**

**Name:** Ahlam Khalid Nafisee
**Email:** a.alnafisee@gmail.com
**Phone:** (248) 842-1412
**Location:** United States
**Address:** 43287 Dequindre Rd
Troy, Michigan 48085

**Proof of Affiliation for Fee Waiver**

**Waiver Explanation:**

I respectfully request a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii), as this request is non-commercial and intended to enhance public understanding of government systems, particularly how federal agencies manage and internally reroute whistleblower-related communications.

The requested records are narrowly scoped and non-intrusive: internal metadata, procedural logic, and system-side documentation regarding a specific reroute event involving a call I placed to a field office. These materials directly concern whether FBI call routing systems are governed by standard policy, automated triggers, or discretionary internal responses when sensitive topics or names are raised.

This request is part of an ongoing inquiry into structural response failures across multiple jurisdictions. I have previously contacted the FBI Detroit Field Office on three occasions regarding whistleblower evidence and jurisdictional interference involving state actors. The event in question occurred during that broader timeline and is supported by communications already submitted to the Department of Justice and Office of the Inspector General on June 19, 2025.

1

The requested information serves a significant public interest: it concerns the technical and procedural handling of whistleblower escalation, particularly when internal rerouting occurs at critical moments. Understanding whether routing decisions are automated or discretionary has direct implications for federal accountability, the safety of whistleblowers, and the public's ability to access and trust government channels. This applies especially when the content involves misconduct by licensed professionals and state regulators.

I am a private individual with no commercial affiliations or institutional support. This request is submitted strictly in the public interest and is part of an evidence-based effort to map procedural breakdowns in cross-agency response protocols. It seeks to clarify how internal call management systems function under pressure and whether institutional actors are shielded by discretionary rerouting patterns that may suppress legitimate reporting.

Because this request is narrowly tailored, non-commercial, procedurally significant, and grounded in the public right to understand federal operations, I respectfully request a full waiver of associated fees. If denied, I have selected the option to limit my request to the two free hours of search time and 100 duplicated pages.

**Documentation File:**

- *T-Mobile May 23, 2025 Call Log.pdf*

**Privacy Act Details**
**US Citizen:** Yes
**Date of Birth:** November 10, 1985
**Place of Birth:** Dhahran, Saudi Arabia

**Additional Information:**

I respectfully request records related to the handling and rerouting of a call I placed to the FBI's Detroit Field Office on **May 23, 2025**, between **8:45–8:47 PM ET**. Earlier that evening, at **8:16 PM**, I called the Detroit Field Office. T-Mobile logs the call as 31 minutes, though I was on hold for approximately 17–25 minutes. The live portion lasted 6–14 minutes. After I named two government officials in relation to evidence suppression and whistleblower intimidation, the agent on the line could no longer hear me, though I could still hear him. He said, "If you can hear me, call back or tell me if this is an emergency," before the call dropped at 8:46 PM.

I immediately redialed the same Detroit number at **8:47 PM**. This second call is logged as 48 minutes. The automated system announced a one-minute hold, then I was transferred and rerouted before reaching a live agent. At the end of the call, I asked where I had been routed. She confirmed I was speaking with Washington, D.C., and explained that calls may reroute when Detroit is "overwhelmed." If accurate, this implies the Detroit Field Office was overwhelmed around 8:46 PM on the Friday evening before Memorial Day weekend.

I request the following records:

- Call volume and routing logs for the FBI Detroit Field Office from **8:40–8:50 PM ET on May 23, 2025**, particularly between **8:45–8:47 PM**
- Any system-level logic or triggers related to rerouting to D.C.
- Internal communications, memos, or policies referencing:
- The reroute of my call
- Other calls rerouted during that timeframe
- The criteria or algorithmic sources for after-hours rerouting from field offices
- Routing metadata or system records linked to my call from **(248) 842-1412**, including transfer logs, call path, and timestamp data

3

For clarity, I am not requesting audio recordings or personally identifiable information of other individuals. I am seeking only routing metadata, system triggers, and procedural records explaining how and why the reroute occurred.

This was my third call to the Detroit Field Office concerning a multi-jurisdictional RICO case involving a licensed CPA, private equity structures, and potential misconduct by state officials. The call followed direct outreach from Maryland officials **Kelvin Blake** and **Melanie Lubin**, including a 30-minute phone call on **May 21, 2025**, with Lubin (then Maryland Securities Commissioner and non-voting FSOC member). A legally recorded transcript of that call, along with my May 23 call logs, was submitted on June 19, 2025, at 7:19 AM ET to the Department of Justice, the Office of the Inspector General, and **FOIPAQuestions@fbi.gov**, and is on file with those offices.

The May 23 call was made after my mother, who was present via video chat during the call with Commissioner Lubin, urged me to report the intimidation to the FBI. At her request, I also informed the FBI agent that I currently hold an honorary Saudi diplomatic passport, in addition to U.S. citizenship.

**Expedited Processing Request**

**Expedite Reason (under 28 C.F.R. § 16.5(e)(1)(i), (ii), and (iv)):**

I request expedited processing under 28 C.F.R. § 16.5(e)(1) because this request concerns whistleblower intimidation by Melanie Lubin, former NASAA President and current Maryland Securities Commissioner. I have submitted 500+ pages of evidence to the SEC and FBI in February 2025. No agency has followed up.

Shortly after reporting that a CPA knowingly violated an NDA while under active review in D.C. and Maryland, I received direct calls from Lubin and Assistant AG Kelvin Blake. These calls visibly alarmed my mother, a multigenerational American citizen present via video chat during the Lubin call, and feared for my safety. She urged me to report the incident.

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI, 48085


v.

Civil Action No. _____
Hon. _____


**U.S. Department of Justice,**
**Federal Bureau of Investigation,**
Defendants.


**EXHIBIT A-1**


Transcript of legally recorded call with Melanie Senter Lubin - May 21, 2025


Submitted by,

Date:   September 2, 2025


**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI 48085
Phone: (248) 842-1412
Email:

_____

*Ahlam Khalid Nafisee*


Exhibit A-1 - Page 2 of 17

This transcript is derived from a legally obtained recording of the call, as permitted under Michigan's one-person consent law (MCL § 750.539c; see also MCL § 750.539a(2)), and from detailed contemporaneous notes taken during and immediately after the conversation. At approximately 3:45PM EST, on May 21, 2025, Commissioner Lubin placed a call to Plaintiff. The  following exchange accurately reflects the substance of that call.


I was just speaking to you about the complaint you filed.
Hold on one second.
Let me close my door because there's a lot of noise outside.
Sorry about that.
I just couldn't…..

Ahlam Nafisee
Yeah, no worries.
Melanie, before we actually get started, I'm going to record this call.
Do you mind if I record this call?


Yes, I do.
You do not have my permission to do that.

Ahlam Nafisee
Okay, I'll take notes.


I'm sorry?

Ahlam Nafisee
I said I'll take notes.
Go ahead.


Okay, so I'm calling about.
So I'm calling about the PIA Request.

Ahlam Nafisee
Mmhmmm.

1

Not the substance of your complaint or anything like that.
I just.
I think there was some confusion.

(Ms. Lubin clarified that her call was not related to the complaint that prompted Mr.
Blake's phone call to Plaintiff on May 19, 2025, concerning CPA and ACON Investment
matter. Rather, she stated her call was in response to the MPIA request Plaintiff submitted,
May 20, 2025, which sought records explaining how Mr. Blake came to learn of the RICO
evidence Plaintiff submitted to the FBI and SEC earlier in 2025, before he had access to
any supporting materials)

Ahlam Nafisee
No.
No confusion.


Okay.
So when a complaint is received in the Attorney General's office…
The people who receive it will send it to wherever it appears that there might be some
relevance for it to be reviewed.
And that's how we got it.

Ahlam Nafisee
That's great.
But he called me not knowing anything about the case.
Right.
He hadn't seen…..


Right.
Because we didn't  have the complete information.

Ahlam Nafisee
So why call me?
Why call me and ask me about jurisdiction?
Right?
He was putting that all on me.

2

One of the reasons we would ask about jurisdiction is because that's one of the first
things we review.
Like, is this something that belongs in Maryland?
And then does it belong in our shop.

Ahlam Nafisee
Mmmhmm… Do you usually call the complainants and ask about jurisdiction?

Oh yeah, all the time..
We call to get more information about the complaint.
So if what we have in front of us doesn't give us enough information to make those…. You
know, to make that decision.

Ahlam Nafisee
Right.
Well, the Labor Department said that they were.
Sorry, I'm sorry to cut you off.
Yeah, go ahead.

Okay.
We had to talk to the person who filed the complaint.
If we don't have enough information to figure that out from what we have, you can either
throw it away, which we wouldn't be doing our job, because on your own, you didn't send
US enough information, or the complainant didn't send us enough information, or we do
our job and follow up and try and figure out what's going on.
So the reason we reached out is we didn't get it.
And I know you sent it all over the place.

(Here Ms. Lubin is referring to the evidence submission which was being reviewed by the
Labor Department- the same evidence she claimed earlier not to be calling about.)

Ahlam Nafisee
All over the place?

You sent this complaint to a lot of different places.

(Ms. Lubin still referring to Plaintiff's evidentiary submission - the same submission she had previously denied calling to discuss- underscoring the contradictory and misleading nature of her statements. )

Ahlam Nafisee
States. I sent it to different states.
Not places.
I sent it to different states and different agencies, but I sent it to one place in Maryland, and that was the Labor Department.


Okay, well, somehow it.....
And I know they're pursuing it.

(Ms. Lubin is referring to my complaint the Labor Department has been pursuing since January 2025)

Ahlam Nafisee
Right.
That's why the Freedom of Information request was submitted..
Right?
It's because of the "somehow "- I want to know, and I have a right to know.
Don't you think?


So it came into us from the Consumer Protection Division, which is another part of the Attorney General's office.
Did you send it to other state agencies besides just the Department of Labor to the CPA board?

Ahlam Nafisee
I'm sorry, could you repeat the question?


So the CPA Board is part of our Department of Labor, and it went in there, and somehow it ended up in the Attorney General's office.

4

Ahlam Nafisee
Okay, that's what I want to know, the "somehow".
Shouldn't you want to know as well?

Okay, well we're all part of one… we're all part of state government, and a lot of times when somebody sees this, they're gonna say, oh, this might, you know, have something to do with securities because part of your attachment looks like you were trying to raise, you know, raise money as an investment.

Ahlam Nafisee
Part of my attachment?

(Ms. Lubin is referring to the NDA breach submission I sent to the Attorney General's office - the same submission Mr. Blake previously asserted it was outside his jurisdiction and not the basis for his May 19, 2025, call to Plaintiff. Throughout the conversation, Ms. Lubin repeatedly conflates distinct submissions, treating them as though they are one and the same.)

Part of what was included in the complaint and some of the things you said.
I'm calling it an attachment because I looked at what was sent to our division and what you sent to our division.
So it was attached to one of these, some other information that indicated that you were either looking to raise capital or do something else.
So what that is, you know, the offer and sale of securities is something that someone would send to us.
Whoever looked at this, it looked like it could theoretically be something that was within our jurisdiction, so they sent it to us to look at it.

Ahlam Nafisee
Then, please forgive me….
Why did Mr. Blake call me, literally yelling and saying he doesn't understand why it's a security problem.
I was like, buddy, "have you seen the evidence?"

Okay, so.

5

Ahlam Nafisee
Right…
So why badger the complainant?......
(Ms. Lubin cuts Plaintiff off)
See, now you're not letting me finish.


Okay, we didn't see the evidence because when it came to our office, it wasn't attached.

Ahlam Nafisee
Okay, you have to see where I'm coming from, right?


Well, I Do.
But I also think you're creating a hell of a lot of work for yourself and other people that's not necessary.

Ahlam Nafisee
Oh, why is it not necessary?
Shouldn't we know?


I know that we got this from the Consumer Protection Division through a normal course of work when something is sent to us.

Ahlam Nafisee
Fine.
Then let's get that on paper.
Right?
Let's get that written down and official.


You might not be able to get that, to tell you the truth, which is why I made the phone call…
Because it's an open investigative file.

Ahlam Nafisee
Trust me, we'll be able to get it.
I'm not asking for any details about the case, I'm asking about the handover, the referral, how it came into your possession

6

Right?

So we're not the people to handle it.
The right people to handle it are handling it.
It's a complaint against a CPA....

Ahlam Nafisee
I didn't call you.
Right?
You guys called me.

I understand that.
And we can act like we never called you because we don't have jurisdiction over this.

Ahlam Nafisee
You can act like it, but it won't work.
Right?
There's a paper trail for everything today.
Right?

(A noticeable pause) .... I'm telling you, our Consumer Protection Division sent this to us with an email saying we got this complaint, and you take a look at it.

Ahlam Nafisee
Okay, Ms. Lubin, what would you like from me?
What is it that you need from me out of this conversation?

I don't know what else you need to know besides that.

Ahlam Nafisee
So you're calling me to see what else I need to know besides what you're telling me right now, off record?

Well I'm trying to figure out what you're telling me you want to know is, how did we get this complaint?

7

**Right?**

Ahlam Nafisee
**I want to know the referral.**
**That's it. It's that simple.**


It wasn't referred.

Ahlam Nafisee
**Okay. Okay.**


Let's start with that. Okay, so a referral suggests someone made an assessment, says this isn't us....

Ahlam Nafisee
**In writing. Calvin Blake.**


**No!!!!**

Ahlam Nafisee
**What's "No?" Kelvin Blake, in writing....**
**Kelvin Blake sent in writing** that my case was referred to him from Blah, blah, blah.
**I'll pull up the email.**
**What do you mean "No?"**


Okay, so I think you're reading more into referred; Consumers sent it to us.....

Ahlam Nafisee
**No, I'm reading the words that are written down.**
**Right?**
**If that's not what he meant to write, then that's not what he meant to write.**


Okay, well now you know how we got it.

8

Ahlam Nafisee
No, I don't. Honestly, I think this is a highly suspicious phone call. I think it is very weird that the highest person in the Commissioner's Office …
What is your job title?


Because I am his supervisor, and I have oversight over these things when they come into our office. That's why.

Ahlam Nafisee
What else can I do for you, Ms. Lubin?


Well, I'm trying to figure out what you're trying to get to, to make sure that we don't, because I've already told you how we got this, so I'm trying to figure out what else.

Ahlam Nafisee
Why don't we just let it go through the official channels?


We are the official channel.

Ahlam Nafisee
This doesn't feel official.
I know what official is.
I grew up in official.


I don't know what that means.

Ahlam Nafisee
I don't know what this call means.


You filed a request for information.

Ahlam Nafisee
Are you responsible for that request for information?

My department is, yes.
And I'm in charge of the department.

Ahlam Nafisee
Okay, so are you telling me that even after I got the email confirming that they received my
Request for Information, and they will look into it? ...  What are you
telling me on top of that? Since you're in charge of the request for information …


You filed a request…

Ahlam Nafisee
Yes, I know what I did


…. To Provide information to you?

Ahlam Nafisee
Uh huh.


Right?

Ahlam Nafisee
Yes.


And there's nothing really to provide to you, so I'm calling to try and figure out what it is
you're looking for, to see if I can help you get that information.

Ahlam Nafisee
So there's no referral?
Correct?
So you're telling me, an Assistant Attorney General from your office called me with no referral
and no way of knowing where the complaint came from?


We got this from the Consumer protection division.

10

Ahlam Nafisee
How did they get it?


Most of the complaints in the office end up in the consumer protection division because
it's consumer protection division.

Ahlam Nafisee
Okay.


They looked at it, saw something. Honestly, that's kind of corporate, business finance related,
and when they see things like that, they send them to us.

Ahlam Nafisee
Okay.


And they sent it to us to look at.

Ahlam Nafisee
Okay.


That's the whole great big thing.
We did not have enough information, which is why we sent you the complaint form and
That….

Ahlam Nafisee
No, you did, you had over 500 pages of evidence.
If you guys had gone through the right channels …


Okay, that's a totally different state agency.  That's not us.

Ahlam Nafisee
Okay.

That's the Department of Labor, we're the Attorney General's office.

Ahlam Nafisee
Okay, so the nature of this call is to let me know that what I'm doing…Correct?
Is making more and unnecessary work for myself and everyone else?
That's what you said, correct?

Well, what you're doing is you're asking us for stuff that doesn't exist, that makes more sense for
me to explain because all we have…..

Ahlam Nafisee
I'm gonna, I'm just gonna stop you right there.
I'm not gonna be satisfied until this comes through official channels in Writing.

Okay, we're still trying to figure out what you're trying to figure out
I don't have things beyond the fact that the generic Attorney General's email sent to
Consumer…..

Ahlam Nafisee
Fine, you obviously don't have the information I need, and that's okay.
I'm still wondering why you're calling.

I'm calling to see if I can try and answer what you are trying to figure out.

Ahlam Nafisee
Apparently you can't.
Right?

12

Well, I...

Okay, when we get Public Information act requests, they're usually written by somebody who thinks they're a lawyer and knows what they're writing and puts all this legal stuff in.

They want this,

They want this,

They want this,

They want this...


Ahlam Nafisee

Okay.


Really, there's one point that they're seeking and I'm trying to figure out what the point is.

You're seeking to see if I can actually give you the information you really want.

If you just want papers that don't explain anything, we'll see if we have anything responsive to your request and send it.

But I was calling to try and be helpful.


Ahlam Nafisee

I don't think so at all.

I don't think so at all.

I think you're condescending, and the nature of this phone call is not "help."

Let's be real.....

"People write in requests that think that they're lawyers?"

. Dear, this sounds desperate.


it's not desperate, but I think you're trying......I mean, I can explain to you...


Ahlam Nafisee

You think I'm trying?

What am I trying to do?


I think you're trying to find something that's not there.


Ahlam Nafisee

Good.

13

I'm trying to figure out what you're trying to find.

Ahlam Nafisee
This sounds like a big mystery, huh?


No, I mean I can....
It came into the AG's office.
It was sent to us in the normal court.
Now I can't tell you definitively how it came into the AG's office.

Ahlam Nafisee
That's a problem.


Well, do you know every place you emailed it to?

Ahlam Nafisee
Yeah, actually I do. I'm very, very organized.


Okay.
Are any of your emails to something at OAG State MD Us?

Ahlam Nafisee
You know what?
Let's discuss this via written follow up.


Well, it's not going to help me try and find it if you......

Ahlam Nafisee
I don't think this is helping me, or you.
I think this phone call is wasting our time.
You know? I think it's a waste of your time and a waste of my time.
Let's just let it go through the official channels.

14

Okay?
We are the official channels and I'm trying to figure out.
I could figure out how we got it better, if you tell me where you sent it besides labor.

Ahlam Nafisee
In Maryland?


Labor's the CPA board.
Because it wouldn't come…..
It's a completely different place than the Attorney General's office.
So I'm trying to figure out how it would have come to the Attorney General's office.
And if, you know, they just sent it generally to the AG's office, and then they sent it maybe
to consumers, maybe to us, maybe to.

Ahlam Nafisee
This grunt work feels beneath you.
Honestly, I'm flattered that you're willing to do all this, but I don't think it's
necessary.


What's not necessary?

Ahlam Nafisee
This phone call.
You wondering where it came from, and expecting us to play Scooby Doo trying to figure it out.
Right?
Meanwhile, there are people looking into it.


Yeah, Me! Us! That's why I'm asking you because I'm trying to figure out where this came from
and how it would have ended up here if the only place you think you sent it was the Department
of Labor.

Ahlam Nafisee
I don't think. I know where I sent it.
So, You're saying You're in charge of the Maryland Public Information Act?

15

No, I'm in charge of the Securities Division.

Ahlam Nafisee
Right.


When we get Public Information act requests, they're sent to the appropriate division.

Ahlam Nafisee
Right.
Which is not your division.


Which is us, because it refers to our stuff.

Ahlam Nafisee
Okay.


You wanna know how we got it?  We got it as a referral from Consumer Protection.

Ahlam Nafisee
You said it wasn't a referral.
You said I was reading too much into the word referral.


Okay, Consumer Protections sent it to us to look at.

Ahlam Nafisee
Okay. But it wasn't a referral?


It's not a formal referral, like I would send something to a criminal department to do criminal investigation.
They sent it to us to say, this looks like it might be yours.
Is it yours?
That's the normal process, when a complaint comes into the office, but I think you're asking for what?

16

How did it even get to consumer?

Ahlam Nafisee
No, that's not what I'm asking.


Well, let me find your email.

Ahlam Nafisee
To whom?


Your email to Kelvin, the PIA request.

Ahlam Nafisee
I wasn't requesting it from him.
I was just letting him know since he told me that he can't give me any information on the ins and outs of the Securities Division …
I was just reassuring him that, no problem, we've already got someone on that, meaning my MPIA request.


Someone being?

Ahlam Nafisee
Whomever is in charge of my MPIA request
Let's see.
What's his name?
Kavon Richardson.
Sorry.
Let me look up his name.


Okay.
Layla Richards?

Ahlam Nafisee
No, no, not, Not.
No, not his secretary.

17

She's a secretary.

Ahlam Nafisee
Yes, I understand that, Thank you.
The Records Custodian.


It's who?
I'm sorry, you cut out.

Ahlam Nafisee
**The Records Custodian**.


Where?

Ahlam Nafisee
What do you mean, where? My MPIA request.
Honestly, I'm not really comfortable giving you any more information unless it's through
email. I still believe this phone call is breaking protocol.


It's not breaking any protocol.

Ahlam Nafisee
Okay.


Okay. You sent an email this morning to OAG Security.

Ahlam Nafisee
This morning?


Yeah.
At 8:00.

Ahlam Nafisee

No, I didn't.


Yesterday morning.
Yesterday morning.
I'm sorry.
Eight o' clock yesterday morning.

Ahlam Nafisee
Sure.


That says, dear Records Custodian, pursuant to the Maryland Public Information act and
formally requesting access to all records related to referral complaint with a number I
didn't recognize because that's the number. I think that's the number Department of Labor.
Department of labor uses.  Specifically, I'm asking for the identity of the individual that referred
the above mentioned complaint to your division.
We got that through the Attorney General's office.
The date and method.
I think it came in on Friday.
Maybe Thursday or Friday.
Cover letters.
It's just, take a look at this. Is it yours?
Any documentation or intake records noting what was received or not received.
It was the email with the information we had that led us to send you a complaint form.
That 500 pages you've been talking about that you sent to Labor.
We did not receive.

Ahlam Nafisee
Okay?


Communications concerning the referral or the division's receipt of the complaint.
The only communications would be, you know, it being assigned to somebody to take a
look at.
And that's what it is.
Now, I can try and find out…..

Ahlam Nafisee
I don't think you should try and find out anything.
No, I don't think you should try and find out anything.
I think everyone should just stay in their lane.
There is someone who's working on this.
He already emailed me back.
No, it's not your email.
Someone else emailed me.
He wanted clarification on my request.
He responded.
Okay?
You were not cc'd on this.


Are you talking about the General Counsel's office?
Because coming through the AG's office.

Ahlam Nafisee
No.


So I'm trying to figure out who this person is you're talking about.
Because it could be somebody who works for me.

Ahlam Nafisee
Fine, but you shouldn't be asking me.
You're not doing a very good job at your job, if you're calling the complainant and asking them
for information about your office and who's doing what.


But you're telling me someone's looking at it.
But, as far as I'm aware, They're not looking at it.
And I.

Ahlam Nafisee
Fine. You don't have to be aware.
You don't need to know.
You want to email me?
Fine.
Figure it out.
Ask your employees.
Do you understand how inappropriate this is?


I am, Kelvin and I are working on this and you're talking about somebody who's not Kelvin and not me.  So I'm trying to figure out who you're talking about.

Ahlam Nafisee
Okay?


I don't know if it is somebody at a different state agency.

Ahlam Nafisee
Maybe.


Why are you being so coy about it?

Ahlam Nafisee

Why are you being so unofficial?

I don't know if Kelvin Blake told you that one of his questions was, "were there any investors harmed?" when he was trying to get information out of me, during his bizarre phone call to me on May 19, 2025

I presented to one Investor, June of 2024, an extremely high-ranking Saudi Royal. I will not give his name until it's subpoenaed. I don't want to involve him until I have to.

But he's involved.

This goes way above you.

I'm going through all the official channels.

Right?

Because this is what I'm supposed to do.

You need to get the 500 pages of evidence that Kelvin Blake already officially  requested from the Labor Department.

I'm not going to give you any more information until it's on the books because this call, like I said, is highly suspicious.


Okay.

As best I can tell from the information we have, we don't have jurisdiction over this.


Ahlam Nafisee

Cool.


And if you, if you believe we do have jurisdiction over this, you're filing the complaint.

It's your responsibility to give us that information.

If you don't give us that information, there's no way for us to pursue this if we even have…..


Ahlam Nafisee

Pursue what?

About what?

Oh, My complaint that the labor department's dealing with?

The complaint that you're not calling me about?


I am calling you about it.

Ahlam Nafisee
No, You said, "I'm calling you about the Freedom of Information act request," not about my complaint with the Labor Department.
That's what you said.

Yes, but the call has clearly morphed into more than that.

Ahlam Nafisee
Clearly.

So I understand from....
Just because this is floating all over the office right now that the CPA you know the CPA board is dealing with it.
And that could be the person whose name you don't remember.

Ahlam Nafisee
I remember everything, Dear.

Okay, well, the person whose name you haven't told me, who works for the CPA board, who's probably also an Assistant Attorney General, seems to be the person you're referring to. So if this is a complaint about a CPA, the proper place for that complaint is the CPA Board.

Ahlam Nafisee
Yes, that's why they have it.

Not the Securities Division.

Ahlam Nafisee
I didn't call you.
Your guy called me.

I understand that, but I'm trying to explain what happened here.

Ahlam Nafisee
I know what happened.


What do you think happened?

Ahlam Nafisee
We'll save that for another time, but I know what happened.


Okay, So if you know what happened?
Can we consider your request withdrawn?

Ahlam Nafisee
**No, absolutely not!**
Hahaha Absolutely not.
I'm telling you, if this was the purpose for your call, this was a waste.


We will respond to the Public Information act request unless we have information that
indicates that the substance of the complaint falls within our jurisdiction.
We're going to leave it to the CPA Board.

Ahlam Nafisee
Yeah, that's great.


So far there's nothing to indicate that substantively, this falls within our jurisdiction.

Ahlam Nafisee
Nothing to indicate it?
You haven't seen any of the evidence. **Of course** there's nothing to indicate it.
That's just hogwash.
It's like you say words that mean nothing.
Nothing to indicate?
Of course. Obviously, you don't have the information to indicate anything.

Well, we asked for it.
You didn't send it.

Ahlam Nafisee
Of course I did.

To the Securities Division?

Ahlam Nafisee
First of all, Kelvin Blake officially requested the evidence, on May 19, from the Labor
Department  via email
He officially requested all of my evidence be sent to the Securities Division.
So apparently, you are going to see it all.

All right, well, when it comes in, if there's something to indicate we have jurisdiction, then
we will contact you about that.
If there's nothing to indicate we have jurisdiction, we'll contact you about that also.

Ahlam Nafisee
Okay, wonderful.
Thank you.

You're welcome.

Have a great day

Ahlam Nafisee
You, too.
Bye. Bye.

25

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI, 48085


v.

Civil Action No.   _____
Hon. _____


**U.S. Department of Justice,**
**Federal Bureau of Investigation,**
Defendants.


**EXHIBIT A-2**


Administrative appeal to OIP re untimely response to FOIA No. 1 - July 29, 2025




Submitted by,

Date:   September 2, 2025


**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI 48085
Phone: (248) 842-1412
Email:


_____

Exhibit A-2 - Page 3 of 17

## FOIA APPEAL: RE JULY 23, 2025, MISSED FOIA DEADLINE

| | |
|---|---|
| **FIRST NAME:** | Ahlam |
| **MIDDLE NAME:** | Khalid |
| **LAST NAME:** | Nafisee |
| **EMAIL:** | nafiseeiwa4_ahali@ |
| **PHONE:** | 248-842-1412 |
| **ADDRESS TYPE:** | Home |
| **ADDRESS:** | 43287 Dequindre Rd |
| **CITY:** | Troy |
| **STATE:** | MI |
| **POSTAL CODE:** | 48085 |
| | |
| **EXPEDITED?:** | Yes |
| | |
| **APPEAL NO.** | A-2025-02299 |
| | |
| **RECEIVED DATE:** | 07/29/2025 |
| **DUE DATE:** | 08/26/2025 |
| | |
| **AGENCY:** | OIP |
| | |
| **REQUEST NO.:** | 1672353-000 |
| | |
| **COMPONENT:** | FBI |

### SUBJECT OF REQUEST

I am formally appealing the agency's failure to respond to my FOIA request submitted on June 23, 2025, (Request No. 1672353-000). The agency acknowledged receipt of the request and issued a written denial of my request to expedite- confirming active review by the appropriate staff. However, the statutory 20-business-day deadline elapsed on July 23, 2025, with no determination, production, or further communication. This silence constitutes a violation of 5 U.S.C. § 552(a)(6)(C)(i), and I am therefore exercising my right to appeal. My request was

1

specific, time-sensitive, and included clear evidence of whistleblower misconduct and potential government surveillance.

The lack of response following direct acknowledgment and decision-making suggests that some level of internal review has already occurred. Continued silence, despite a clear legal obligation, undermines both procedural compliance and institutional credibility.  I respectfully ask that this appeal be processed immediately and that the agency issue a formal determination without further delay. Thank you.

## BASIS FOR APPEAL: DESCRIPTION OF APPEAL

It is evident that your office has not reviewed the insurmountable amount of evidence that led to my requests.  If you had, you would already understand not only the severity of the breach, but the national security implications of your continued silence. At this stage, any further delay or omission cannot be interpreted as mere oversight—it will be understood, lawfully and diplomatically, as a deliberate act of suppression.

This failure to act, despite clear evidence submitted months ago, confirms that the issue is not one of resources or confusion, but of willful avoidance. Your office has had more than sufficient time to identify not only the surveillance patterns tied to my name and family, but the institutional actors who knowingly allowed them.

Whether by omission or design, your silence now functions as a secondary breach- one that implicates your office in obstructing a clear and present national security risk, and in failing to protect the constitutional rights of a U.S. citizen with protected diplomatic status. Both international and domestic laws have been broken, including the Vienna Convention on Diplomatic Relations, the U.S. Privacy Act, and federal surveillance statutes.

Furthermore, I must note that my subsequent FOIA request, submitted on July 17, 2025, which included Melanie Lubin's own congressional testimony on whistleblower protections, paraphrased directly in the request and paired with a legally titled transcript, has not even been acknowledged.

Every prior request, including those involving expedited review and fee waivers, received confirmation within two business days. The sudden and conspicuous absence of acknowledgment following a submission that plainly highlights institutional contradiction and liability suggests deliberate suppression or coordinated stall.

This departure from the agency's own prior behavior, especially in light of the political sensitivity of the materials cited, further supports my belief that this constitutes a pattern of constructive denial and bad-faith delay—in violation of 5 U.S.C. § 552(a)(6)(A)(i).

I submit this appeal not to compel transparency, but to record your response for the public, legal, and diplomatic history this matter now occupies. Whether your office chooses to comply with federal law, or to extend its silence, the record will reflect what took place here: a protected

3

individual submitted clear, time-stamped evidence of illegal surveillance and institutional misconduct—and the United States government failed to respond. That failure is yours to own.

**STANDARDS FOR EXPEDITION:**

- 2. An urgency to inform the public about an actual or alleged Federal Government activity, if made by a person who is primarily engaged in disseminating information.

- 4. A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence.

**EXPEDITED JUSTIFICATION:**

This request involves urgent and credible allegations of unauthorized federal surveillance, institutional misconduct, and suppression of whistleblower evidence- all of which bear directly on public safety, national security, and the integrity of the U.S. government.

The materials submitted include time-stamped evidence of coordinated government inaction despite forewarning. The public has a right to know whether federal agencies and private companies operating under government contract, i.e. Datamin AI, are unlawfully monitoring individuals, suppressing constitutional rights, or failing to respond to national security breaches.

The delay itself now constitutes a second-order risk, and the matter is both urgent and likely to trigger significant public interest, including from press and foreign policy stakeholders.

This qualifies under 5 U.S.C. § 552(a)(6)(E)(v)(II) as a matter of compelling urgency and wide public relevance.

4

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI, 48085


v.

Civil Action No.   _____
Hon.  _____

**U.S. Department of Justice,**
**Federal Bureau of Investigation,**
Defendants.


**EXHIBIT B**

FOIA Request No. 2 - June 27, 2025




Submitted by.

Date:   September 2, 2025


**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI 48085
Phone: (248) 842-1412
Email:

_____

Exhibit B - Page 4 of 17

**Freedom of Information / Privacy Act Request**
**Submitted: June 27, 2025, 2:00 PM**
**Request No: NFP-1621851**

**Individual Information**

**Name:** Ahlam Khalid Nafisee
**Email:** a.alnafisee@gmail.com
**Phone:** (248) 842-1412
**Location:** United States
**Address:** 43287 Dequindre Rd
          Troy, Michigan 48085

**Privacy Act Details**

**US Citizen:** Yes
**Date of Birth:** November 10, 1985
**Place of Birth:** Dhahran, Saudi Arabia

**Proof of Affiliation for Fee Waiver**

**Waiver Explanation:**
I respectfully request a fee waiver as this Privacy Act request concerns matters of significant public interest, including whistleblower intimidation, federal call rerouting, and cross-jurisdictional interference involving state and federal actors.

The records I am requesting directly involve named government officials, including a senior state securities regulator and members of the Maryland Attorney General's office. These communications pertain to whistleblower activity protected under federal law and were made while I disclosed dual citizenship and diplomatic status during a call with the FBI.

The requested records are not for commercial use, and I seek them solely to ensure transparency and proper legal accountability regarding potentially unlawful conduct by public officials. This request falls squarely within the public's right to understand whether whistleblower complaints are being handled lawfully and without retaliation.

1

**Documentation Files:**

- T-Mobile Logs
- Michigan Driver's License
- D-Saudi Passport 2025 – Ahlam.pdf

**Additional Information**

**Scope of Request (Pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a):**

I respectfully request access to any and all records maintained by the U.S. Department of Justice and the Federal Bureau of Investigation pertaining to my identity, communications, and whistleblower-related contact with federal and state officials.

This includes, but is not limited to:

**Audio Recordings and Call Metadata – FBI Detroit Field Office**

I request the full audio recordings, transcripts (if available), and associated metadata – including routing logs and internal system notes – for two phone calls I personally placed to the FBI Detroit Field Office on Friday, May 23, 2025:

- First call: Placed at 8:16 PM EST, lasting 31 minutes
- Second call: Placed at 8:47 PM EST, lasting 48 minutes

These calls were made from my personal mobile number, (248) 842-1412, to the FBI Detroit Field Office number, (313) 965-2323.

2

**Maryland Attorney General – Audio, Logs, Metadata**

I also request any and all audio recordings, transcripts, internal logs, or call-related metadata involving communications between the Maryland Attorney General's Office main number (410-576-6300) and my mobile number (248) 842-1412:

- **May 19, 2025**, at approximately 2:00 PM EST – a 26-minute call
- **May 21, 2025**, at approximately 3:45 PM EST – a 28-minute call

These calls were placed to me by officials affiliated with the Maryland AG's Office, using the main phone line registered to 200 St. Paul Place, Baltimore, MD.

**Attachments submitted in support:**

- Copy of valid U.S. driver's license
- Copy of valid honorary diplomatic passport issued by the Kingdom of Saudi Arabia
- Call log documentation corroborating dates, times, and durations

**Expedited Processing Request**

**Expedite Reason (per 28 C.F.R. § 16.5(e)(1)(i), (ii), and (iv)):**

**1. Timeliness and Relevance to an Ongoing Matter of Personal and Legal Significance**

The records requested pertain directly to phone calls I placed to the FBI Detroit Field Office on May 23, 2025, during which I identified myself as a U.S.-Saudi citizen and honorary diplomatic passport holder, and referenced a matter of public concern. These calls were of extended duration and may have been re-routed to Washington, D.C. mid-call. The request also includes follow-up communications involving officials from the Maryland Attorney General's Office. Timely access to these records is important to fully understand the nature, scope, and handling of those communications.

3

**2. Personal Rights and Privacy Concerns (16.5(e)(1)(ii))**

As the subject of the request, I seek access to records that may contain personally identifiable information, sensitive audio, and internal call metadata. Prompt processing is necessary to safeguard my rights under the Privacy Act and ensure full visibility into how my information may have been handled or routed internally.

**3. Broader Public Interest (16.5(e)(1)(iii) and (iv))**

The subject matter involves communications between federal and state public officials during a period when whistleblower disclosures were being made. The request is not for commercial purposes and aims to ensure transparency and accountability around the treatment of protected information and the handling of constituent concerns.

4



```
P<USANAFISEE<<AHLAM<KHALID<<<<<<<<<<<<<<<<<<
5152717318USA8511102F2405229262254503<284816
```





Daut Of H.E. Mr. Khalid A.
Alnafisee. Retired Ambassador.

**KINGDOM OF SAUDI ARABIA**

رقم الجواز : D160452   Passport No : D160452

**Passport**   جواز سفر   Type : P   Country Code : SAU

الاسم : أحلام بنت خالد بن عبدالرزاق النفيسي

**Diplomatic**   دبلوماسي

Name:   AHLAM KHALID A. ALNAFISEE

| | | | تاريخ الميلاد ١٤٠٦/٠٢/٢٠ |
|---|---|---|---|
| Date Of Birth 11/11/1985 | Sex F | Place Of Birth Dhahran الظهران | الجنس أنثى مكان الميلاد |
| Date Of Issue 02/01/2022 | Date Of Expiry 09/11/2026 | تاريخ الإصدار ١٤٤٣/٠٥/٢٩ تاريخ الانتهاء ١٤٤٨/٠٥/٢٩ | |
| Issued In Riyadh | | صدر في الرياض | |

P<SAUALNAFISEE<<AHLAM<KHALID<A<<<<<<<<<<<<
D160452<<1SAU8511113F2611099<<<<<<<<<<<<<08

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI, 48085

v.

Civil Action No. _____

Hon. _____

**U.S. Department of Justice,**
**Federal Bureau of Investigation,**
Defendants.

**EXHIBIT B-1**

FBI denial and administrative closure of FOIA Request No. 2 - July 10, 2025

Submitted by:

Date:   September 2, 2025

**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI 48085
Phone: (248) 842-1412
Email:

_____

Exhibit B-1 - Page 5 of 17



U.S. Department of Justice

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

July 10, 2025

MS. AHLAM KHALID NAFISEE
43287 DEQUINDRE ROAD
TROY, MI 48085

FOIPA Request No.: NFP-1621851
Subject: NAFISEE, AHLAM KHALID
(Calls to Maryland Attorney General)

Dear Ms. Nafisee:

This is in response to your Freedom of Information/Privacy Acts (FOIPA) request. Below you will find informational paragraphs relevant to your request. Please read each item carefully.

The FOIPA requires agencies to provide access to reasonably described, nonexempt records [Title 5, United States Code, Section 552(a)(3)(A)]. The information requested in the referenced letter is not considered a FOIPA request because it does not comply with the FOIPA and its regulations. Therefore, your request is being administratively closed for one or more of the following reasons:

- ☐ The FOIPA does not require federal agencies to answer inquiries, create records, conduct research, or draw conclusions concerning queried data.

- ☐ Your request is too vague as it does not comply with the requirements of 28 CFR § 16.3(b). Your request lacks specificity; and therefore, the FBI cannot reasonably locate records with a "reasonable amount of effort."

- ☐ Your request is overly broad as it contains an overly long, indefinite, no date range or specific identifiers, and/or uses unexplained or unidentified terms and acronyms. Your request does not provide sufficient details to enable FBI personnel to locate potentially responsive records with a "reasonable amount of effort;" and therefore, we were unable to conduct a search of the Central Records System as your request does not comply with the requirements of 28 CFR § 16.3(b).

- ☒ Your request seeks information that does not fall under the purview of the FOIPA. The information requested in the referenced letter is not considered a FOIPA request because it does not comply with the requirements of 28 CFR § 16.3(b).

Examples of specific information which could assist in locating potentially responsive records within a reasonable amount of effort are as follows:

- Individuals
  - Complete name
  - Birth date
  - Place of birth
  - Place of death
  - Date of death
  - Date and location of incident

- Organizations or Events
  - Date of event
  - Time frame
  - Location

For questions on how to reasonably describe your request, please email us at foipaquestions@fbi.gov. Please reference the FOIPA Request number listed above in all correspondence concerning your request. Additional information about the FOIPA can be found at www.fbi.gov/foia.

If you are not satisfied with the FBI's determination in response to this request, you may proceed under any or all of the following options:

- You may seek dispute resolution services through the FBI directly by emailing our FOIA Public Liaison at foipaquestions@fbi.gov. The subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

- You may contact the Office of Government Information Services (OGIS), who serves as the federal FOIA Ombudsman. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

- You may file an administrative appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. **Pursuant to 28 C.F.R. § 16.8(a), your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of this response to your request.** If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please reference the FOIPA Request Number listed above in your correspondence so it may be easily identified. If possible, please provide a copy of your original request and this response letter with your appeal.

Note: Utilizing the FBI's dispute resolution services or requesting mediation through OGIS does not toll the ninety (90) day limit to file a timely appeal with OIP.

Sincerely,

Record/Information Dissemination Section
Information Management Division

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI, 48085


v.

Civil Action No. _____
Hon. _____

**U.S. Department of Justice,**
**Federal Bureau of Investigation,**
Defendants.


**EXHIBIT B-2**


Administrative appeal to OIP challenging closure of FOIA Request No. 2 - July 14, 2025


Submitted by,

Date:   September 2, 2025


**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI 48085
Phone: (248) 842-1412
Email:

_____

Exhibit B-2 - Page 6 of 17

## FOIA APPEAL: RE JUNE 27, 2025, DENIED FOIA REQUEST

| | |
|---|---|
| **FIRST NAME:** | Ahlam |
| **MIDDLE NAME:** | Khalid |
| **LAST NAME:** | Nafisee |
| **EMAIL:** | ~~ahlam.nafisee@gmail.com~~ |
| **PHONE:** | 248-842-1412 |
| **ADDRESS TYPE:** | Home |
| **ADDRESS:** | 43287 Dequindre Rd |
| **CITY:** | Troy |
| **STATE:** | MI |
| **POSTAL CODE:** | 48085 |

| | |
|---|---|
| **EXPEDITED?:** | Yes |

| | |
|---|---|
| **APPEAL NO.** | A-2025-02178 |

| | |
|---|---|
| **RECEIVED DATE:** | 07/14/2025 |
| **DUE DATE:** | 08/11/2025 |

| | |
|---|---|
| **AGENCY:** | OIP |

| | |
|---|---|
| **REQUEST NO.:** | NFP-1621851 |

| | |
|---|---|
| **COMPONENT:** | FBI |

### SUBJECT OF REQUEST

Audio recordings, transcripts, and metadata of three phone calls involving Ahlam Khalid Nafisee:

1. May 19, 2025 call from Kelvin Blake, Maryland Attorney General's Office (410-576-6300);
2. May 21, 2025 call from Melanie Senter Lubin, same number; and
3. May 23, 2025 call placed by Ahlam Khalid Nafisee to the Detroit FBIField Office (313-965-2323), which was rerouted to Washington, D.C. FBI intake.

All three calls involve me as the sole participant or recipient and fall under the FOIA/ Privacy Act.

1

## BASIS FOR APPEAL: DESCRIPTION OF APPEAL

I am writing to formally appeal the FBI's July 10, 2025 administrative closure of my FOIA/ Privacy Act request (FOIPA Request No. NFP-1621851). The stated rationale, that my request "does not fall under the purview of the FOIPA", is both factually and legally inaccurate.

My original request pertains to two documented phone calls placed **from the Maryland Attorney General's main phone line (410-576-6300)** to me, **Ahlam Khalid Nafisee (248-842-1412),** on the following dates:

- **May 19, 2025-**  A call from **Kelvin Blake**, Assistant Attorney General for the State of Maryland.
- **May 21, 2025-**  A call from **Melanie Senter Lubin**, Maryland Securities Commissioner and non-voting member of The Treasury Department's Financial Stability Oversight Counsel (FSOC).

I am the sole recipient and named party on both calls. I requested any associated audio recordings, transcripts, and metadata, as permitted under the Privacy Act. I also disclosed that the May 21 call with Ms. Lubin was **legally recorded under Michigan's one-party consent law,** and that I had already submitted a transcript of that call- in which Ms. Lubin attempts to discourage me from pursuing further legal action- to the FBI, DOJ, and Office of the Inspector General.

In addition, I requested the metadata and audio for a third call placed on **May 23, 2025,** when I contacted the **Detroit FBI Field Office** to report the intimidation I had received that week from Maryland officials. I placed the call at **my mother's request,** as she was concerned for my safety following the tone and content of the previous two conversations. During the call, the FBI agent

informed me that my call had been **rerouted to Washington, D.C.** This admission- captured on the call itself- raises serious questions regarding surveillance, jurisdiction, and internal call routing protocols, all of which fall squarely within the scope of the Privacy Act.

Despite these clearly defined parameters, the FBI's response **materially misrepresents the nature of my request** by labeling it as relating to "calls to the Maryland Attorney General." I made no such request. I explicitly stated that I was requesting **calls from the Maryland Attorney General's office to me**, and I provided:

- My full legal name
- The source phone number (410-576-6300)
- The names and titles of the two government officials involved
- The exact dates of the calls
- And T-Mobile call logs verifying their occurrence
- Transcript of the May 21 call with Melanie Senter Lubin (recorded legally under Michigan law)

This mischaracterization, whether the result of **negligence** or an **intentional misrepresentation**, obstructs access to records that clearly fall under the scope of the Privacy Act. Furthermore, the FBI failed to conduct any search of the Central Records System, despite possessing all the identifiers necessary to do so with minimal effort. This contravenes DOJ's own FOIA guidelines, which require a "good faith effort" to locate records based on reasonably described information.

3

For these reasons, I respectfully request that the Office of Information Policy reverse the FBI's determination and direct that my Privacy Act request be processed without further delay.

Attached for reference:

- A copy of the FBI's July 10, 2025 response
- My original FOIA/Privacy Act submissions
- T-Mobile call logs showing the May 19 and May 21 **inbound** calls, as well as the outbound Detroit FBI field office calls I made on May 23, 2025, that were rerouted.
- The transcript of my legally recorded May 21 call with Melanie Senter Lubin

Please contact me if additional information is needed.

## STANDARDS FOR EXPEDITION:

- 2. An urgency to inform the public about an actual or alleged Federal Government activity, if made by a person who is primarily engaged in disseminating information.

- 4. A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence.

## EXPEDITED JUSTIFICATION:

This request concerns documented misconduct by federal and state actors, including a rerouted FBI call, communications from the Maryland Attorney General's office, and evidence of regulatory suppression tied to federal oversight councils. I am the named party and legal recorder in these calls, and I submitted over 500 pages of corroborated whistleblower evidence to multiple agencies.

The matter has urgent implications for public trust and accountability, as it involves coordinated government obstruction, foreign diplomatic exposure, and potential criminal misconduct affecting both U.S. citizens and diplomatic families.

4

Delayed processing will impede lawful review and oversight while undermining confidence in federal transparency, particularly in light of emerging election-year scrutiny.

Thank you for your immediate attention to this matter.

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI, 48085


v.

Civil Action No. _____
Hon. _____


**U.S. Department of Justice,**
**Federal Bureau of Investigation,**
Defendants.


**EXHIBIT C**

FOIA Request No. 3 - July 17, 2025




Submitted by,

Date:   September 2, 2025


**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI 48085
Phone: (248) 842-1412
Email:

_____

*Ahlam Khalid Nafisee*


Exhibit C - Page 7 of 17

**Individual Information**
**Submitted: July 17, 2025**

**Name:** Ahlam Khalid Nafisee
**Email:** a.alnafisee@gmail.com
**Phone:** (248) 842-1412
**Location:** United States
**Address:** 43287 Dequindre Rd
                  Troy, Michigan 48085

**Request for Fee Waiver:**

*"Protecting whistleblowers is essential to upholding the rule of law. Without it, the integrity of our markets and public trust in government are at risk."*

  *— Melanie Senter Lubin, Congressional Testimony, April 3, 2019*

Under **5 U.S.C. § 552(a)(4)(A)(iii)**, I request a full fee waiver. I am not acting on behalf of any commercial entity. I am a private citizen, the information sought will significantly contribute to the public understanding of FBI procedures related to whistleblower reports, cross-jurisdictional rerouting, and intake integrity.

I have already submitted my full evidence package to multiple agencies, including the DOJ and SEC. These call records now form a **critical piece of corroborating documentation** and are essential to understanding whether my case was mishandled, flagged, or ignored.

**Additional Information**

Dear FOIA Officer,

Pursuant to the Freedom of Information Act (5 U.S.C. § 552) and the Privacy Act of 1974 (5 U.S.C. § 552a), I am formally requesting all available audio recordings, transcripts, metadata, agent notes, call routing records, and internal case reference numbers related to five after-hours phone calls I placed to the Detroit FBI Field Office (313-965-2323) from my personal number, (248) 842-1412. These records directly concern me and were made in the context of reporting government misconduct and federal fraud.

**Calls Subject to This Request:**

**Caller:** Ahlam Khalid Nafisee

**Phone Number:** (248) 842-1412

**Targeted Number:** Detroit FBI Field Office- (313) 965-2323

**Dates and Times of Calls:**

1.  January 24, 2025 at 11:56 PM- call landed in Detroit
2.  February 20, 2025 at 6:33 PM- call landed in Detroit
3.  May 23, 2025 at 8:16 PM- call landed in Detroit but the call dropped at 8:47 PM, after I named two officials, Melanie Senter Lubin and Kelvin Blake
4.  May 23, 2025 at 8:47 PM- rerouted to Washington, D.C.
5.  July 15, 2025 at 9:03 PM- rerouted to Washington, D.C.

2

**I am requesting for each:**

1. Audio recordings and/or transcripts
2. Agent intake notes
3. Call routing data or transfer logs
4. Internal references, case IDs, or system flags
5. Metadata including timestamps, call duration, originating and receiving endpoints
   Supporting evidence-  including summaries, phone logs, and documentation-  are attached.

**Request for Expedited Processing:**

*"Protecting whistleblowers is essential to upholding the rule of law. Without it, the integrity of our markets and public trust in government are at risk."*

   *— Melanie Senter Lubin, Congressional Testimony, April 3, 2019*

Under **28 C.F.R. § 16.5(e)(1)(iv)**, I am requesting expedited processing because this request concerns:

"A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence."

The pattern of rerouted calls- particularly following the naming of high-level government officials- raises serious concerns about the integrity of whistleblower intake channels, the potential suppression of protected communications, and the lawfulness of rerouting calls intended for a local field office to D.C. handlers without transparency.

I am a private citizen with dual U.S. and Saudi citizenship, and have submitted formal whistleblower complaints to federal agencies regarding coordinated fraud. These records are necessary to determine whether my reports were properly handled or obstructed.

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI, 48085


v.

Civil Action No.  _____
Hon.  _____


**U.S. Department of Justice,**
**Federal Bureau of Investigation,**
Defendants.


**EXHIBIT D-1**

T-Mobile Phone Records, produced by Carrier, (highlighted to show May 19 & 21 calls from MD OAG mainline) - May, 2025


Submitted by,

Date:   September 2, 2025


**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI 48085
Phone: (248) 842-1412
Email:

_____

*Ahlam Khalid Nafisee*


Exhibit D-1 - Page 8 of 17

...CONTINUED - DATA

| When | Service | Origin | Type | MB | Cost |
|------|---------|--------|------|-----|------|
| May 24 | Web Access | Saudi Arabia | R | 0.1707 | - |
| May 25 | Web Access | Saudi Arabia | R | 0.0449 | - |
| May 26 | Web Access | Saudi Arabia | R | 0.0585 | - |
| May 27 | Web Access | Saudi Arabia | R | 0.0750 | - |
| May 28 | Web Access | Saudi Arabia | R | 0.0312 | - |
| May 29 | Web Access | Saudi Arabia | R | 0.1015 | - |
| May 30 | Web Access | Saudi Arabia | R | 0.5991 | - |
| May 31 | Web Access | Saudi Arabia | R | 0.1168 | - |
| Jun 01 | Web Access | Saudi Arabia | R | 0.0827 | - |
| Jun 02 | Web Access | Saudi Arabia | R | 0.0126 | - |
| Jun 03 | Web Access | Saudi Arabia | R | 0.0721 | - |
| Jun 04 | Web Access | Saudi Arabia | R | 0.1962 | - |
| Jun 05 | Web Access | Saudi Arabia | R | 0.0302 | - |
| Jun 06 | Web Access | Saudi Arabia | R | 0.0604 | - |
| Jun 07 | Web Access | Saudi Arabia | R | 0.1200 | - |
| Jun 09 | Web Access | Saudi Arabia | R | 0.0634 | - |
| Jun 10 | Web Access | Saudi Arabia | R | 0.0701 | - |
| **Totals** | | | | **10.0570** | **$0.00** |

The date and time corresponds to Pacific Time (PST/PDT).

TYPE: R Roaming

## (248) 842-1412    May 11 - Jun 10

### TALK

| When | | Who | Description | Type | Min | Cost |
|------|---|-----|-------------|------|-----|------|
| May 19 | 2:00 PM | IN (410) 576-6300 | Incoming | W | 26 | - |
| | 3:40 PM | IN (248) 680-0280 | Incoming | W | 1 | - |
| May 21 | 3:31 PM | OUT (410) 576-6365 | to Baltimore/MD | W | 2 | - |
| | 3:45 PM | IN (410) 576-6300 | Incoming | W | 28 | - |
| May 22 | 11:30 AM | IN (315) 872-9408 | Incoming | W | 2 | - |
| May 23 | 8:16 PM | OUT (313) 965-2325 | to Detroit/MI | W | 31 | - |
| | 8:47 PM | OUT (313) 965-2325 | to Detroit/MI | W | 48 | - |
| May 27 | 1:16 PM | OUT (248) 582-1835 | to Royal Oak/MI | - | 1 | - |
| | 1:18 PM | OUT (248) 879-0024 | to Troy/MI | - | 1 | - |
| May 28 | 12:47 PM | IN (920) 974-5708 | Incoming | W | 2 | - |
| May 29 | 5:29 PM | IN (315) 829-9972 | Incoming | W | 2 | - |
| Jun 01 | 8:09 PM | OUT (630) 290-6384 | to Lombard/IL | W | 41 | - |
| Jun 05 | 4:16 PM | IN (605) 315-5390 | Incoming | - | 2 | - |
| Jun 06 | 7:22 PM | IN (586) 921-7497 | Incoming | W | 2 | - |
| **Totals** | | | | | **189** | **$0.00** |

The date and time corresponds to the local time where the mobile was located.

WHO: OUT Outgoing  IN Incoming   TYPE: W Wi-Fi Call

### TEXT

| When | | Who | Destination | Type | Cost |
|------|---|-----|-------------|------|------|
| May 11 | 8:00 AM | IN 2300 | | TXT | - |
| | 8:00 AM | IN 67645 | | PIC | - |
| | 8:13 AM | IN 24273 | | TXT | - |
| | 8:25 AM | IN 2300 | | TXT | - |
| | 8:25 AM | IN 18337459058 | | PIC | - |
| | 11:58 AM | IN (248) 515-5319 | Troy, MI | TXT | - |
| | 12:25 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
| | 2:05 PM | IN 24273 | | TXT | - |
| | 2:26 PM | IN (844) 946-2281 | Incoming | TXT | - |
| | 2:26 PM | IN (844) 946-2281 | Incoming | TXT | - |
| | 3:31 PM | IN 72178 | | TXT | - |
| | 3:37 PM | IN 24273 | | TXT | - |
| May 12 | 5:15 AM | IN 2300 | | TXT | - |
| | 5:15 AM | IN 18106330790 | | PIC | - |
| | 7:54 AM | IN 2300 | | TXT | - |
| | 7:54 AM | IN 1248/564118 | | PIC | - |
| | 9:05 AM | IN 2300 | | TXT | - |
| | 9:05 AM | IN 183374590SH | | PIC | - |
| | 9:08 AM | IN (586) 921-7497 | Mt Clemens, MI | TXT | - |
| | 10:45 AM | OUT (586) 921-7497 | Mt Clemens, MI | TXT | - |
| | 3:44 PM | IN (248) 756-4118 | Northville, MI | TXT | - |
| | 5:00 PM | IN 128 | | TXT | - |
| | 5:00 PM | IN 128 | | TXT | - |
| | 6:48 PM | OUT (703) 231-1724 | Fls Church, VA | TXT | - |
| | 6:50 PM | OUT (703) 231-1724 | Fls Church, VA | TXT | - |
| | 7:35 PM | IN (703) 231-1724 | Fls Church, VA | TXT | - |
| May 13 | 8:52 AM | IN 2300 | | TXT | - |
| | 8:52 AM | IN 18337459058 | | PIC | - |
| | 12:11 PM | IN (586) 921-7497 | Mt Clemens, MI | TXT | - |
| | 12:11 PM | OUT (586) 921-7497 | Mt Clemens, MI | TXT | - |

CONTINUED - (248) 842-1412 , TEXT

| When | | Who | Destination | Type | Cost |
|------|---|-----|-------------|------|------|
| | 12:11 PM | IN (586) 921-7497 | Mt Clemens, MI | TXT | - |
| | 6:32 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
| | 6:34 PM | IN (248) 515-5319 | Troy, MI | TXT | - |
| | 6:34 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
| | 6:35 PM | IN (248) 515-5319 | Troy, MI | TXT | - |
| | 6:35 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
| | 6:35 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
| | 6:35 PM | IN (248) 515-5319 | Troy, MI | TXT | - |
| | 6:36 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
| | 6:36 PM | IN (248) 515-5319 | Troy, MI | TXT | - |
| | 6:39 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
| | 8:49 PM | OUT (586) 921-7497 | Mt Clemens, MI | TXT | - |
| | 8:53 PM | IN (586) 921-7497 | Mt Clemens, MI | TXT | - |
| | 8:54 PM | OUT (586) 921-7497 | Mt Clemens, MI | TXT | - |
| | 8:54 PM | OUT (586) 921-7497 | Mt Clemens, MI | TXT | - |
| | 8:55 PM | IN (586) 921-7497 | Mt Clemens, MI | TXT | - |
| May 14 | 8:01 AM | IN 2300 | | TXT | - |
| | 8:01 AM | IN 67645 | | PIC | - |
| | 8:09 AM | IN (844) 946-2281 | Incoming | TXT | - |
| | 8:26 AM | IN 24273 | | TXT | - |
| | 8:48 AM | IN 2300 | | TXT | - |
| | 8:52 AM | IN 18337459058 | | PIC | - |
| | 2:18 PM | IN 128 | | TXT | - |
| | 2:18 PM | IN 128 | | TXT | - |
| May 15 | 9:11 AM | IN 2300 | | TXT | - |
| | 9:11 AM | IN 18337459058 | | PIC | - |
| | 2:42 PM | IN (844) 946-0698 | Incoming | TXT | - |
| | 2:52 PM | IN (866) 603-3758 | Incoming | TXT | - |
| | 3:01 PM | IN 2300 | | TXT | - |
| | 3:01 PM | IN 67645 | | PIC | - |
| | 3:55 PM | IN 55386 | | TXT | - |
| | 4:33 PM | IN 128 | | TXT | - |
| | 6:45 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
| | 6:46 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
| | 6:46 PM | IN 2300 | | TXT | - |
| | 6:46 PM | IN +124851S5319 | | PIC | - |
| | 6:47 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
| | 6:48 PM | IN (248) 515-5319 | Troy, MI | TXT | - |
| | 6:49 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
| | 6:49 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
| | 6:50 PM | IN (248) 515-5319 | Troy, MI | TXT | - |
| | 6:50 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
| | 6:50 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
| | 6:51 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
| | 6:51 PM | IN (248) 515-5319 | Troy, MI | TXT | - |
| | 6:51 PM | IN (248) 515-5319 | Troy, MI | TXT | - |
| | 8:18 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
| | 8:18 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
| | 8:30 PM | IN (248) 756-4118 | Northville, MI | TXT | - |
| | 8:31 PM | IN (248) 756-4118 | Northville, MI | TXT | - |
| | 8:31 PM | IN (248) 756-4118 | Northville, MI | TXT | - |
| | 8:40 PM | IN 2300 | | TXT | - |
| | 8:40 PM | IN 12487564118 | | PIC | - |
| | 8:45 PM | IN (248) 756-4118 | Northville, MI | TXT | - |
| | 8:45 PM | IN (248) 756-4118 | Northville, MI | TXT | - |
| | 8:45 PM | IN (248) 756-4118 | Northville, MI | TXT | - |
| May 16 | 12:15 AM | IN (917) 540-2900 | New York, NY | TXT | - |
| | 5:52 AM | IN 2300 | | TXT | - |
| | 5:52 AM | IN 18106330790 | | PIC | - |
| | 9:16 AM | IN 2300 | | TXT | - |
| | 9:17 AM | IN 18337459058 | | PIC | - |
| | 9:41 AM | IN 128 | | TXT | - |
| | 9:41 AM | IN 128 | | TXT | - |
| | 10:52 AM | IN 128 | | TXT | - |
| | 10:52 AM | IN 128 | | TXT | - |
| | 12:06 PM | IN (844) 946-2281 | Incoming | TXT | - |
| | 12:53 PM | IN (586) 404-0805 | Roseville, MI | TXT | - |
| | 1:11 PM | OUT (586) 404-0805 | Roseville, MI | TXT | - |
| | 1:55 PM | IN (586) 404-0805 | Roseville, MI | TXT | - |
| | 1:56 PM | IN (586) 404-0805 | Roseville, MI | TXT | - |
| | 1:57 PM | IN (586) 404-0805 | Roseville, MI | TXT | - |
| | 1:57 PM | IN (586) 404-0805 | Roseville, MI | TXT | - |
| | 1:57 PM | IN (586) 404-0805 | Roseville, MI | TXT | - |
| | 2:10 PM | OUT (586) 404-0805 | Roseville, MI | TXT | - |
| | 2:11 PM | IN (586) 404-0805 | Roseville, MI | TXT | - |
| | 2:12 PM | IN (586) 404-0805 | Roseville, MI | TXT | - |
| | 2:12 PM | IN (586) 404-0805 | Roseville, MI | TXT | - |
| | 2:12 PM | IN (586) 404-0805 | Roseville, MI | TXT | - |
| | 2:12 PM | OUT (586) 404-0805 | Roseville, MI | TXT | - |
| | 2:13 PM | IN (586) 404-0805 | Roseville, MI | TXT | - |
| | 2:14 PM | IN (586) 404-0805 | Roseville, MI | TXT | - |
| | 2:14 PM | IN (586) 404-0805 | Roseville, MI | TXT | - |
| | 2:14 PM | IN (586) 404-0805 | Roseville, MI | TXT | - |
| | 2:15 PM | OUT (586) 404-0805 | Roseville, MI | TXT | - |
| | 2:15 PM | IN (586) 404-0805 | Roseville, MI | TXT | - |
| | 2:48 PM | IN 24273 | | TXT | - |
| | 5:16 PM | OUT (248) 759-9388 | Rochester, MI | TXT | - |
| | 5:16 PM | OUT (248) 759-9388 | Rochester, MI | TXT | - |
| | 5:17 PM | OUT (248) 759-9388 | Rochester, MI | TXT | - |
| | 5:18 PM | IN (248) 759-9388 | Rochester, MI | TXT | - |
| | 5:19 PM | IN (248) 759-9388 | Rochester, MI | TXT | - |
| | 5:35 PM | IN (248) 759-9388 | Rochester, MI | TXT | - |

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI, 48085


v.

Civil Action No.   _____
Hon.   _____


**U.S. Department of Justice,**
**Federal Bureau of Investigation,**
Defendants.


**EXHIBIT D-2**

T-Mobile Phone Records, produced by Carrier, (highlighted to show May 23 outgoing calls from Plaintiff to the Detroit Field Office) - May, 2025


Submitted by,

Date:   September 2, 2025


**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI 48085
Phone: (248) 842-1412
Email:

_____

*Ahlam Khalid Nafisee*


Exhibit D-2 - Page 9 of 17

Bill issue date
Jun 10, 2025

| When | Service | Origin | Type | MB | Cost |
|---|---|---|---|---|---|
| May 24 | Web Access | Saudi Arabia | R | 0.1707 | - |
| May 25 | Web Access | Saudi Arabia | R | 0.0449 | - |
| May 26 | Web Access | Saudi Arabia | R | 0.0585 | - |
| May 27 | Web Access | Saudi Arabia | R | 0.0750 | - |
| May 28 | Web Access | Saudi Arabia | R | 0.0312 | - |
| May 29 | Web Access | Saudi Arabia | R | 0.1013 | - |
| May 30 | Web Access | Saudi Arabia | R | 0.5991 | - |
| May 31 | Web Access | Saudi Arabia | R | 0.1168 | - |
| Jun 01 | Web Access | Saudi Arabia | R | 0.0827 | - |
| Jun 02 | Web Access | Saudi Arabia | R | 0.0126 | - |
| Jun 03 | Web Access | Saudi Arabia | R | 0.0721 | - |
| Jun 04 | Web Access | Saudi Arabia | R | 0.1962 | - |
| Jun 05 | Web Access | Saudi Arabia | R | 0.0302 | - |
| Jun 06 | Web Access | Saudi Arabia | R | 0.0604 | - |
| Jun 07 | Web Access | Saudi Arabia | R | 0.1200 | - |
| Jun 09 | Web Access | Saudi Arabia | R | 0.0634 | - |
| Jun 10 | Web Access | Saudi Arabia | R | 0.0701 | - |
| **Totals** | | | | **10.0570** | **$0.00** |

The date and time corresponds to Pacific Time (PST/PDT).

TYPE: R Roaming

## (248) 842-1412 — May 11 - Jun 10

### TALK

| When | | Who | Description | Type | Min | Cost |
|---|---|---|---|---|---|---|
| May 19 | 2:00 PM | IN (410) 576-6300 | Incoming | W | 26 | - |
|  | 3:40 PM | IN (248) 680-0280 | Incoming | W | 1 | - |
| May 21 | 3:31 PM | OUT (410) 576-6365 | to Baltimore/MD | W | 2 | - |
|  | 3:45 PM | IN (410) 576-6300 | Incoming | W | 78 | - |
| May 22 | 11:30 AM | IN (315) 872-9408 | Incoming | W | 2 | - |
| May 23 | 8:16 PM | OUT (313) 965-2323 | to Detroit/MI | W | 31 | - |
|  | 8:47 PM | OUT (313) 965-2323 | to Detroit/MI | W | 48 | - |
| May 27 | 1:16 PM | OUT (248) 582-1835 | to Royal Oak/MI | · | 1 | - |
|  | 1:18 PM | OUT (248) 879-0024 | to Troy/MI | · | 1 | - |
| May 28 | 12:47 PM | IN (920) 974-5708 | Incoming | W | 2 | - |
| May 29 | 5:29 PM | IN (315) 829-9977 | Incoming | W | 2 | - |
| Jun 01 | 8:09 PM | OUT (630) 790-6384 | to Lombard/Il | W | 41 | - |
| Jun 05 | 4:16 PM | IN (605) 315-5390 | Incoming | · | 2 | - |
| Jun 06 | 7:22 PM | IN (586) 921-7497 | Incoming | W | 2 | - |
| **Totals** | | | | | **189** | **$0.00** |

The date and time corresponds to the local time where the mobile was located.

WHO: OUT Outgoing   IN Incoming   TYPE: W Wi-Fi Call

### TEXT

| When | | Who | Destination | Type | Cost |
|---|---|---|---|---|---|
| May 11 | 8:00 AM | IN 2300 | | TXT | - |
|  | 8:00 AM | IN 6764S | | PIC | - |
|  | 8:13 AM | IN 24273 | | TXT | - |
|  | 8:25 AM | IN 2300 | | TXT | - |
|  | 8:25 AM | IN 18337459058 | | PIC | - |
|  | 11:58 AM | IN (248) 515-5319 | Troy, MI | TXT | - |
|  | 12:25 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
|  | 2:05 PM | IN 24273 | | TXT | - |
|  | 2:26 PM | IN (844) 946-2281 | Incoming | TXT | - |
|  | 2:26 PM | IN (844) 946-2281 | Incoming | TXT | - |
|  | 3:31 PM | IN 72178 | | TXT | - |
|  | 3:37 PM | IN 24273 | | TXT | - |
| May 12 | 5:15 AM | IN 2300 | | TXT | - |
|  | 5:15 AM | IN 18106330790 | | PIC | - |
|  | 7:54 AM | IN 2300 | | TXT | - |
|  | 7:54 AM | IN 12487564118 | | PIC | - |
|  | 9:05 AM | IN 2300 | | TXT | - |
|  | 9:05 AM | IN 18337459058 | | PIC | - |
|  | 9:08 AM | IN (586) 921-7497 | Mt Clemens, MI | TXT | - |
|  | 10:45 AM | OUT (586) 921-7497 | Mt Clemens, MI | TXT | - |
|  | 3:44 PM | IN (248) 756-4118 | Northville, MI | TXT | - |
|  | 5:00 PM | IN 128 | | TXT | - |
|  | 5:00 PM | IN 128 | | TXT | - |
|  | 6:48 PM | OUT (703) 231-1724 | Fls Church, VA | TXT | - |
|  | 6:50 PM | OUT (703) 231-1724 | Fls Church, VA | TXT | - |
|  | 7:35 PM | IN (703) 231-1724 | Fls Church, VA | TXT | - |
| May 13 | 8:52 AM | IN 2300 | | TXT | - |
|  | 8:52 AM | IN 18337459058 | | PIC | - |
|  | 12:11 PM | IN (586) 921-7497 | Mt Clemens, MI | TXT | - |
|  | 12:11 PM | OUT (586) 921-7497 | Mt Clemens, MI | TXT | - |

CONTINUED - (248) 842-1412 , TEXT

| When | | Who | Destination | Type | Cost |
|---|---|---|---|---|---|
|  | 12:11 PM | IN (586) 921-7497 | Mt Clemens, MI | TXT | - |
|  | 6:32 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
|  | 6:34 PM | IN (248) 515-5319 | Troy, MI | TXT | - |
|  | 6:34 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
|  | 6:35 PM | IN (248) 515-5319 | Troy, MI | TXT | - |
|  | 6:35 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
|  | 6:35 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
|  | 6:35 PM | IN (248) 515-5319 | Troy, MI | TXT | - |
|  | 6:36 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
|  | 6:36 PM | IN (248) 515-5319 | Troy, MI | TXT | - |
|  | 6:39 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
|  | 8:49 PM | OUT (586) 921-7497 | Mt Clemens, MI | TXT | - |
|  | 8:53 PM | IN (586) 921-7497 | Mt Clemens, MI | TXT | - |
|  | 8:54 PM | OUT (586) 921-7497 | Mt Clemens, MI | TXT | - |
|  | 8:54 PM | OUT (586) 921-7497 | Mt Clemens, MI | TXT | - |
|  | 8:55 PM | IN (586) 921-7497 | Mt Clemens, MI | TXT | - |
| May 14 | 8:01 AM | IN 2300 | | TXT | - |
|  | 8:01 AM | IN 6764S | | PIC | - |
|  | 8:09 AM | IN (844) 946-2281 | Incoming | TXT | - |
|  | 8:26 AM | IN 24273 | | TXT | - |
|  | 8:48 AM | IN 2300 | | TXT | - |
|  | 8:52 AM | IN 18337459058 | | PIC | - |
|  | 2:18 PM | IN 128 | | TXT | - |
|  | 2:18 PM | IN 128 | | TXT | - |
| May 15 | 9:11 AM | IN 2300 | | TXT | - |
|  | 9:11 AM | IN 18337459058 | | PIC | - |
|  | 2:42 PM | IN (844) 946-0698 | Incoming | TXT | - |
|  | 2:52 PM | IN (866) 603-3758 | Incoming | TXT | - |
|  | 3:01 PM | IN 2300 | | TXT | - |
|  | 3:01 PM | IN 6764S | | PIC | - |
|  | 3:55 PM | IN 5 5386 | | TXT | - |
|  | 4:33 PM | IN 128 | | TXT | - |
|  | 6:45 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
|  | 6:46 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
|  | 6:46 PM | IN 2300 | | TXT | - |
|  | 6:46 PM | IN +1248515319 | | PIC | - |
|  | 6:47 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
|  | 6:48 PM | IN (248) 515-5319 | Troy, MI | TXT | - |
|  | 6:49 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
|  | 6:49 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
|  | 6:50 PM | IN (248) 515-5319 | Troy, MI | TXT | - |
|  | 6:50 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
|  | 6:50 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
|  | 6:51 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
|  | 6:51 PM | IN (248) 515-5319 | Troy, MI | TXT | - |
|  | 6:51 PM | IN (248) 515-5319 | Troy, MI | TXT | - |
|  | 8:18 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
|  | 8:18 PM | OUT (248) 515-5319 | Troy, MI | TXT | - |
|  | 8:30 PM | IN (248) 756-4118 | Northville, MI | TXT | - |
|  | 8:31 PM | IN (248) 756-4118 | Northville, MI | TXT | - |
|  | 8:31 PM | IN (248) 756-4118 | Northville, MI | TXT | - |
|  | 8:40 PM | IN 2300 | | TXT | - |
|  | 8:40 PM | IN 12487564118 | | PIC | - |
|  | 8:45 PM | IN (248) 756-4118 | Northville, MI | TXT | - |
|  | 8:45 PM | IN (248) 756-4118 | Northville, MI | TXT | - |
|  | 8:45 PM | IN (248) 756-4118 | Northville, MI | TXT | - |
| May 16 | 12:15 AM | IN (917) 540-2900 | New York, NY | TXT | - |
|  | 5:52 AM | IN 2300 | | TXT | - |
|  | 5:52 AM | IN 18106330790 | | PIC | - |
|  | 9:16 AM | IN 2600 | | TXT | - |
|  | 9:17 AM | IN 18337459058 | | PIC | - |
|  | 9:41 AM | IN 128 | | TXT | - |
|  | 9:41 AM | IN 128 | | TXT | - |
|  | 10:52 AM | IN 128 | | TXT | - |
|  | 10:52 AM | IN 128 | | TXT | - |
|  | 12:06 PM | IN (844) 946-2281 | Incoming | TXT | - |
|  | 12:55 PM | IN (586) 404-0805 | Roseville, MI | TXT | - |
|  | 1:11 PM | OUT (586) 404-0805 | Roseville, MI | TXT | - |
|  | 1:55 PM | IN (586) 404-0805 | Roseville, MI | TXT | - |
|  | 1:56 PM | IN (586) 404-0805 | Roseville, MI | TXT | - |
|  | 1:57 PM | IN (586) 404-0805 | Roseville, MI | TXT | - |
|  | 1:57 PM | IN (586) 404-0805 | Roseville, MI | TXT | - |
|  | 1:57 PM | IN (586) 404-0805 | Roseville, MI | TXT | - |
|  | 2:10 PM | OUT (586) 404-0805 | Roseville, MI | TXT | - |
|  | 2:11 PM | IN (586) 404-0805 | Roseville, MI | TXT | - |
|  | 2:12 PM | IN (586) 404-0805 | Roseville, MI | TXT | - |
|  | 2:12 PM | IN (586) 404-0805 | Roseville, MI | TXT | - |
|  | 2:12 PM | IN (586) 404-0805 | Roseville, MI | TXT | - |
|  | 2:12 PM | OUT (586) 404-0805 | Roseville, MI | TXT | - |
|  | 2:13 PM | OUT (586) 404-0805 | Roseville, MI | TXT | - |
|  | 2:14 PM | IN (586) 404-0805 | Roseville, MI | TXT | - |
|  | 2:14 PM | IN (586) 404-0805 | Roseville, MI | TXT | - |
|  | 2:14 PM | IN (586) 404-0805 | Roseville, MI | TXT | - |
|  | 2:15 PM | OUT (586) 404-0805 | Roseville, MI | TXT | - |
|  | 2:15 PM | IN (586) 404-0805 | Roseville, MI | TXT | - |
|  | 2:48 PM | IN 24273 | | TXT | - |
|  | 5:16 PM | OUT (248) 759-9388 | Rochester, MI | TXT | - |
|  | 5:16 PM | OUT (248) 759-9388 | Rochester, MI | TXT | - |
|  | 5:17 PM | OUT (248) 759-9388 | Rochester, MI | TXT | - |
|  | 5:18 PM | IN (248) 759-9388 | Rochester, MI | TXT | - |
|  | 5:19 PM | IN (248) 759-9388 | Rochester, MI | TXT | - |
|  | 5:35 PM | IN (248) 759-9388 | Rochester, MI | TXT | - |

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI, 48085

v.

Civil Action No. _____
Hon. _____

**U.S. Department of Justice,**
**Federal Bureau of Investigation,**
Defendants.

**EXHIBIT E-1**

T-Mobile Phone Records, produced by Carrier, (highlighted to show January 24, 2025 outgoing calls from Plaintiff to the Detroit Field Office) - January, 2025

Submitted by,

Date:   September 2, 2025

**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI 48085
Phone: (248) 842-1412
Email:

_____

Exhibit E-1- Page 10 of 17



Bill Issue date
Feb 10, 2025

Page
7 of 14

...CONTINUED

| When | Who | Destination | Type | Cost |
|------|-----|-------------|------|------|
| Totals | | | | $0.00 |

The date and time corresponds to Pacific Time (PST/PDT).

WHO: **OUT** Outgoing  **IN** Incoming    TYPE: **TXT** Text  **RTXT** Roaming Text

## DATA

| When | Service | Origin | Type | MB | Cost |
|------|---------|--------|------|-----|------|
| Jan 11 | Mobile Internet | - | | 0.9423 | - |
| Jan 12 | Mobile Internet | - | | 106.2958 | - |
| Jan 13 | Web Access | Turkey | R | 5.8064 | - |
| Jan 14 | Web Access | Saudi Arabia | R | 0.2850 | - |
| Jan 15 | Web Access | Saudi Arabia | R | 0.2235 | - |
| Jan 16 | Web Access | Saudi Arabia | R | 0.0067 | - |
| Jan 17 | Web Access | Saudi Arabia | R | 0.2568 | - |
| Jan 18 | Web Access | Saudi Arabia | R | 0.1053 | - |
| Jan 19 | Web Access | Saudi Arabia | R | 0.1405 | - |
| Jan 20 | Web Access | Saudi Arabia | R | 0.0810 | - |
| Jan 21 | Web Access | Saudi Arabia | R | 0.0107 | - |
| Jan 22 | Web Access | Saudi Arabia | R | 0.8173 | - |
| Jan 23 | Web Access | Saudi Arabia | R | 0.1240 | - |
| Jan 24 | Web Access | Saudi Arabia | R | 0.0175 | - |
| Jan 25 | Web Access | Saudi Arabia | R | 0.0546 | - |
| Jan 27 | Web Access | Saudi Arabia | R | 0.1219 | - |
| Jan 29 | Web Access | Saudi Arabia | R | 0.1142 | - |
| Jan 30 | Web Access | Saudi Arabia | R | 0.0058 | - |
| Jan 31 | Web Access | Saudi Arabia | R | 0.0946 | - |
| Feb 01 | Web Access | Saudi Arabia | R | 0.0282 | - |
| Feb 02 | Web Access | Saudi Arabia | R | 0.1357 | - |
| Feb 03 | Web Access | Saudi Arabia | R | 0.1824 | - |
| Feb 04 | Web Access | Saudi Arabia | R | 0.1942 | - |
| Feb 06 | Web Access | Saudi Arabia | R | 0.1083 | - |
| Feb 08 | Web Access | Saudi Arabia | R | 0.0574 | - |
| Feb 09 | Web Access | Saudi Arabia | R | 0.0439 | - |
| Feb 10 | Web Access | Saudi Arabia | R | 0.0458 | - |
| Totals | | | | 116.2998 | $0.00 |

The date and time corresponds to Pacific Time (PST/PDT).

TYPE: **R** Roaming

## (248) 842-1412

**Jan 11 - Feb 10**

### TALK

| When | Who | Description | Type | Min | Cost |
|------|-----|-------------|------|-----|------|
| Jan 11 | 5:09 PM IN (586) 404-0805 | Incoming | F | 4 | - |
| | 7:59 PM IN (248) 390-3388 | Incoming | F | 1 | - |
| Jan 12 | 12:22 AM OUT (248) 390-3388 | to Pontiac/MI | F | 1 | - |
| | 1:35 AM OUT (248) 390-3388 | to Pontiac/MI | F | 1 | - |
| | 1:54 AM OUT (248) 390-3388 | to Pontiac/MI | F | 1 | - |
| | 3:00 PM OUT (248) 390-3388 | to Pontiac/MI | W | 1 | - |
| | 7:00 PM OUT (248) 390-3388 | to Pontiac/MI | F | 4 | - |
| Jan 13 | 7:15 PM IN (248) 750-8611 | Incoming | - | 1 | - |
| Jan 14 | 11:40 AM IN (248) 749-4097 | Incoming | W | 1 | - |
| | 1:41 PM IN (458) 273-9209 | Incoming | W | 2 | - |
| | 6:18 PM IN (248) 200-9975 | Incoming | W | 1 | - |
| | 7:28 PM IN (985) 241-9830 | Incoming | W | 2 | - |
| Jan 15 | 10:31 AM IN (645) 203-0481 | Incoming | W | 2 | - |
| | 4:15 PM OUT (202) 442-8676 | to Washington/DC | - | 9 | - |
| | 6:11 PM OUT (248) 756-4118 | to Northville/MI | - | 1 | - |
| | 6:48 PM IN (586) 930-2082 | Incoming | F | 2 | - |
| | 8:16 PM OUT (248) 756-4118 | to Northville/MI | W | 1 | - |
| | 9:00 PM IN (248) 756-4118 | Incoming | - | 8 | - |
| | 10:23 PM IN (248) 756-4118 | Incoming | - | 7 | - |
| Jan 16 | 2:39 PM OUT (248) 288-2160 | to Royal Oak/MI | W | 5 | - |
| | 2:59 PM OUT (212) 961-4369 | to New York/NY | W | 4 | - |
| Jan 17 | 2:09 PM OUT (248) 547-5093 | to Royal Oak/MI | W | 2 | - |
| | 2:28 PM IN (248) 547-5093 | Incoming | W | 2 | - |
| | 4:38 PM IN (248) 720-4777 | Incoming | W | 1 | - |
| Jan 18 | 3:21 PM OUT (248) 680-0280 | to Troy/MI | W | 2 | - |
| Jan 19 | 2:53 PM IN (586) 921-7497 | Incoming | F | 1 | - |
| | 3:27 PM OUT (248) 680-0280 | to Troy/MI | - | 2 | - |
| | 4:13 PM IN (586) 921-7497 | Incoming | W | 1 | - |
| | 7:18 PM OUT (800) 421-2110 | 1-800 # | - | 5 | - |
| | 7:32 PM IN (800) 732-9194 | Incoming | - | 14 | - |
| Jan 20 | 7:01 PM IN (505) 356-8287 | Incoming | W | 1 | - |
| Jan 21 | 1:27 PM IN (731) 790-9313 | Incoming | W | 1 | - |
| | 4:47 PM IN (314) 936-9516 | Incoming | W | 1 | - |
| Jan 22 | 6:17 AM OUT (800) 463-3339 | 1-800 # | - | 2 | - |

CONTINUED - (248) 842-1412 , TALK

| When | Who | Description | Type | Min | Cost |
|------|-----|-------------|------|-----|------|
| | 4:38 PM IN (223) 308-3422 | Incoming | - | 2 | - |
| | 4:47 PM OUT (248) 547-5093 | to Royal Oak/MI | - | 1 | - |
| | 5:12 PM IN (254) 478-7356 | Incoming | - | 2 | - |
| | 8:59 PM OUT (248) 756-4118 | to Northville/MI | - | 35 | - |
| Jan 23 | 12:46 PM IN (470) 323-9950 | Incoming | - | 2 | - |
| | 8:45 PM IN (248) 749-3928 | Incoming | - | 1 | - |
| Jan 24 | 10:56 AM IN (209) 254-7754 | Incoming | - | 2 | - |
| | 3:15 PM OUT (847) 529-7424 | to Northbrook/IL | - | 2 | - |
| | 3:30 PM IN (847) 529-7424 | Incoming | - | 6 | - |
| | 3:46 PM IN (262) 217-1374 | Incoming | - | 1 | - |
| | 5:08 PM OUT (248) 688-9990 | to Troy/MI | W | 2 | - |
| | 5:19 PM IN (239) 416-0818 | Incoming | W | 1 | - |
| | 5:20 PM OUT (313) 965-2323 | to Detroit/MI | W | 5 | - |
| | 11:56 PM OUT (313) 965-2323 | to Detroit/MI | - | 33 | - |
| Jan 25 | 4:56 PM IN (248) 756-4118 | Incoming | W | 40 | - |
| | 5:36 PM OUT (248) 756-4118 | to Northville/MI | - | 13 | - |
| Jan 26 | 3:17 PM IN (248) 756-4118 | Incoming | W | 3 | - |
| | 7:42 PM OUT (248) 737-7000 | to Wbloomfiel/MI | - | 1 | - |
| | 7:43 PM OUT (248) 756-4118 | to Northville/MI | - | 1 | - |
| | 8:13 PM IN (248) 756-4118 | Incoming | - | 4 | - |
| Jan 27 | 2:22 PM OUT (248) 900-9050 | to Ortonville/MI | W | 2 | - |
| | 3:22 PM IN (248) 477-2131 | Incoming | W | 1 | - |
| | 6:48 PM IN (248) 756-4118 | Incoming | W | 5 | - |
| Jan 28 | 1:26 PM IN (401) 281-8220 | Incoming | W | 1 | - |
| | 5:13 PM OUT (248) 547-5093 | to Royal Oak/MI | W | 2 | - |
| | 7:12 PM IN (217) 468-8209 | Incoming | W | 1 | - |
| | 7:14 PM IN (201) 586-0869 | Incoming | W | 1 | - |
| | 7:49 PM IN (231) 751-1527 | Incoming | W | 1 | - |
| Jan 29 | 2:37 PM IN (248) 749-5306 | Incoming | W | 1 | - |
| | 2:57 PM IN (248) 547-5093 | Incoming | W | 1 | - |
| Jan 30 | 9:36 AM IN (248) 547-1829 | Incoming | W | 2 | - |
| | 11:19 AM IN (234) 236-1158 | Incoming | - | 1 | - |
| Jan 31 | 11:36 AM IN (248) 749-5306 | Incoming | W | 1 | - |
| | 3:17 PM OUT (202) 551-4/90 | to Washington/DC | - | 1 | - |
| | 4:41 PM IN (248) 621-7504 | Incoming | - | 1 | - |
| | 5:54 PM IN (586) 244-2341 | Incoming | F | 2 | - |
| | 6:37 PM IN (586) 244-2341 | Incoming | W | 2 | - |
| Feb 01 | 6:40 PM IN (586) 244-2341 | Incoming | F | 2 | - |
| | 7:31 PM IN (586) 244-2341 | Incoming | W | 1 | - |
| | 8:08 PM IN (586) 244-2341 | Incoming | W | 1 | - |
| Feb 02 | 2:45 PM IN (248) 390-3388 | Incoming | W | 1 | - |
| | 4:32 PM OUT (586) 244-2341 | to New Haven/MI | W | 3 | - |
| | 11:43 PM IN (727) 349-1561 | Incoming | W | 2 | - |
| Feb 03 | 5:31 PM IN (248) 749-3908 | Incoming | W | 1 | - |
| Feb 04 | 2:45 PM IN (803) 631-7435 | Incoming | W | 2 | - |
| | 5:38 PM IN (360) 924-8088 | Incoming | W | 1 | - |
| Feb 05 | 2:12 PM IN (320) 280-6731 | Incoming | - | 2 | - |
| | 6:24 PM IN (586) 244-2341 | Incoming | W | 3 | - |
| | 8:32 PM IN (586) 244-2341 | Incoming | W | 1 | - |
| | 8:37 PM IN (313) 217-8419 | Incoming | W | 1 | - |
| | 9:14 PM IN (586) 244-2341 | Incoming | W | 1 | - |
| Feb 07 | 7:56 PM OUT (248) 688-9990 | to Troy/MI | - | 1 | - |
| Feb 10 | 3:46 PM OUT (248) 547-5093 | to Royal Oak/MI | W | 1 | - |
| Totals | | | | 296 | $0.00 |

The date and time corresponds to the local time where the mobile was located.

WHO: **OUT** Outgoing  **IN** Incoming    TYPE: **F** Mobile2Mobile  **W** Wi-Fi Call

### TEXT

| When | Who | Destination | Type | Cost |
|------|-----|-------------|------|------|
| Jan 11 | 8:29 AM IN 2300 | | TXT | - |
| Jan 12 | 8:06 AM IN 2300 | | TXT | - |
| | 8:10 AM IN 24273 | | TXT | - |
| | 11:00 AM IN 60368 | | TXT | - |
| | 11:00 AM IN 60368 | | TXT | - |
| | 11:35 AM IN 24273 | | TXT | - |
| | 12:01 PM IN 178 | | TXT | - |
| | 12:14 PM IN 24273 | | TXT | - |
| | 1:20 PM IN (786) 418-7329 | Perrine, FL | TXT | - |
| | 1:43 PM IN 24273 | | TXT | - |
| | 5:28 PM IN (248) 756-4118 | Northville, MI | TXT | - |
| | 5:28 PM IN (248) 756-4118 | Northville, MI | TXT | - |
| Jan 13 | 6:34 AM IN 2300 | | TXT | - |
| | 8:21 AM IN 24273 | | TXT | - |
| | 9:08 AM IN 2300 | | TXT | - |
| | 4:42 PM IN 24273 | | TXT | - |
| Jan 14 | 4:54 AM IN 178 | | TXT | - |
| | 10:22 AM IN 24273 | | TXT | - |
| | 10:22 AM IN 24273 | | TXT | - |
| | 10:22 AM IN 24273 | | TXT | - |
| | 11:01 AM IN 2300 | | TXT | - |
| | 4:48 PM IN 57482 | | TXT | - |
| | 4:48 PM IN 57482 | | TXT | - |
| | 4:48 PM IN 57482 | | TXT | - |
| | 4:48 PM IN 57482 | | TXT | - |
| Jan 15 | 8:07 AM IN 24273 | | TXT | - |

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI, 48085


v.

Civil Action No.  _____
Hon.  _____


**U.S. Department of Justice,**
**Federal Bureau of Investigation,**
Defendants.


**EXHIBIT E-2**

T-Mobile Phone Records, produced by Carrier, (highlighted to show February 20, 2025 outgoing call from Plaintiff to the Detroit Field Office) - February, 2025


Submitted by,

Date:   September 2, 2025


**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI 48085
Phone: (248) 842-1412
Email:

_____

*Ahlam Khalid Nafisee*


Exhibit E-2- Page 11 of 17



**(248) 842-1412**　　　　　　　　**Feb 11 - Mar 10**

CONTINUED · (248) 842-1412 , TEXT

## TALK

| When | | Who | Description | Type | Min | Cost |
|---|---|---|---|---|---|---|
| Feb 11 | 6:15 PM | IN (201) 267-3015 | Incoming | W | 1 | . |
| Feb 12 | 4:20 PM | OUT (248) 547-5093 | to Royal Oak/MI | W | 2 | . |
| Feb 13 | 5:52 PM | IN (716) 576-9424 | Incoming | W | 1 | . |
| | 6:03 PM | IN (248) 756-4118 | Incoming | W | 1 | . |
| Feb 14 | 4:08 PM | IN (518) 403-1880 | Incoming | W | 1 | . |
| Feb 16 | 9:47 AM | IN (716) 412-1358 | Incoming | W | 1 | . |
| | 12:24 PM | IN (313) 942-5391 | Incoming | W | 1 | . |
| Feb 18 | 2:38 PM | OUT (202) 615-0546 | to Washington/DC | W | 9 | . |
| | 3:24 PM | OUT (202) 551-4790 | to Washington/DC | W | 2 | . |
| | 3:26 PM | OUT (202) 551-4500 | to Washington/DC | W | 2 | . |
| Feb 19 | 5:39 PM | OUT (248) 688-9990 | to Troy/MI | W | 4 | . |
| Feb 20 | 2:50 PM | OUT (207) 615-0546 | to Washington/DC | . | 17 | . |
| | 6:10 PM | IN (716) 676-8592 | Incoming | . | 1 | . |
| | 6:33 PM | OUT (313) 965-2323 | to Detroit/MI | . | 15 | . |
| Feb 22 | 12:37 PM | IN (248) 809-7411 | Incoming | W | 1 | . |
| | 6:42 PM | OUT (855) 431-0459 | 1 855 # | W | 1 | . |
| | 6:42 PM | OUT (855) 431-0459 | 1 855 # | W | 7 | . |
| | 7:44 PM | IN (315) 861-3191 | Incoming | W | 1 | . |
| Feb 24 | 10:49 AM | IN (315) 518-1483 | Incoming | W | 2 | . |
| | 4:55 PM | IN (516) 899-1014 | Incoming | W | 1 | . |
| | 6:35 PM | IN (631) 895-9709 | Incoming | W | 1 | . |
| Feb 25 | 2:05 PM | IN (516) 613-6875 | Incoming | W | 1 | . |
| | 6:49 PM | IN (914) 913-9324 | Incoming | | 1 | . |
| Feb 27 | 8:17 PM | IN (716) 765-0634 | Incoming | W | 1 | . |
| Feb 28 | 7:45 AM | OUT (810) 308-1954 | to Flint/MI | W | 1 | . |
| | 8:39 AM | OUT (810) 308-1954 | to Flint/MI | W | 2 | . |
| | 10:20 AM | IN (810) 240-8111 | Incoming | W | 1 | . |
| | 10:21 AM | OUT (810) 240-8111 | to Flint/MI | W | 8 | . |
| | 1:12 PM | IN (248) 775-0565 | Incoming | W | 1 | . |
| | 1:51 PM | IN (518) 624-1608 | Incoming | W | 1 | . |
| | 3:09 PM | IN (810) 240-8111 | Incoming | W | 3 | . |
| | 5:34 PM | IN (845) 690-2355 | Incoming | W | 1 | . |
| | 5:49 PM | OUT (248) 299-5281 | to Auburn Hts/MI | W | 1 | . |
| | 7:20 PM | IN (315) 502-9015 | Incoming | W | 1 | . |
| Mar 01 | 12:16 PM | IN (828) 831-6193 | Incoming | W | 2 | . |
| | 4:17 PM | OUT (586) 930-0720 | to Utica/MI | W | 2 | . |
| Mar 03 | 2:57 PM | OUT (323) 248-1771 | to Montebello/CA | W | 3 | . |
| | 9:27 PM | OUT (248) 515-5319 | to Troy/MI | W | 20 | . |
| Mar 06 | 9:11 AM | OUT (586) 731-6004 | to Utica/MI | W | 3 | . |
| Mar 10 | 6:15 PM | OUT (248) 547-5093 | to Royal Oak/MI | W | 2 | . |
| | 7:44 PM | IN (248) 547-1829 | Incoming | W | 2 | . |
| | 7:45 PM | OUT (248) 547-1829 | to Royal Oak/MI | W | 1 | . |
| | 7:47 PM | OUT (248) 547-1829 | to Royal Oak/MI | W | 1 | . |
| **Totals** | | | | | **134** | **$0.00** |

The date and time corresponds to the local time where the mobile was located.

WHO: **OUT** Outgoing  **IN** Incoming   TYPE: **W** Wi-Fi Call

## TEXT

| When | | Who | Destination | Type | Cost |
|---|---|---|---|---|---|
| Feb 11 | 8:07 AM | IN 24273 | | TXT | . |
| | 5:27 PM | IN 24273 | | TXT | . |
| Feb 12 | 2:44 AM | IN 72178 | | TXT | . |
| | 8:58 AM | IN 128 | | TXT | . |
| | 8:58 AM | IN 128 | | TXT | . |
| | 10:02 AM | IN 24273 | | TXT | . |
| | 10:02 AM | IN 24273 | | TXT | . |
| | 1:29 PM | IN 128 | | TXT | . |
| | 3:34 PM | IN 24273 | | TXT | . |
| | 5:30 PM | IN 128 | | TXT | . |
| | 5:30 PM | IN 128 | | TXT | . |
| | 9:48 PM | IN 128 | | TXT | . |
| Feb 13 | 9:03 AM | IN 5 5386 | | TXT | . |
| | 9:03 AM | IN 5 5386 | | TXT | . |
| | 2:53 PM | IN 128 | | TXT | . |
| | 3:06 PM | IN 2300 | | TXT | . |
| | 3:07 PM | IN 2300 | | TXT | . |
| Feb 14 | 6:22 AM | IN 2300 | | TXT | . |
| | 8:06 AM | IN 60368 | | TXT | . |
| | 8:06 AM | IN 60368 | | TXT | . |
| | 8:06 AM | IN 60368 | | TXT | . |
| | 8:32 AM | IN 2300 | | TXT | . |
| | 12:03 PM | IN 2300 | | TXT | . |
| Feb 15 | 5:21 AM | IN (888) 912-9644 | Incoming | TXT | . |
| | 7:07 AM | IN 57 2837 | | TXT | . |
| | 7:25 AM | IN 128 | | TXT | . |
| | 7:25 AM | IN 128 | | TXT | . |
| | 7:25 AM | IN 128 | | TXT | . |
| | 8:40 AM | IN 2300 | | TXT | . |
| | 9:08 AM | IN 24273 | | TXT | . |
| | 9:18 AM | IN 24273 | | TXT | . |
| | 9:33 AM | IN 24273 | | TXT | . |
| Feb 16 | 8:20 AM | IN 24273 | | TXT | . |

| When | | Who | Destination | Type | Cost |
|---|---|---|---|---|---|
| | 10:29 AM | IN 2300 | | TXT | . |
| | 11:05 AM | IN 60368 | | TXT | . |
| Feb 17 | 6:16 AM | IN 2300 | | TXT | . |
| | 8:01 AM | IN 67645 | | TXT | . |
| | 8:38 AM | IN 24273 | | TXT | . |
| | 8:53 AM | IN 2300 | | TXT | . |
| | 9:02 AM | IN 60368 | | TXT | . |
| | 9:02 AM | IN 60368 | | TXT | . |
| | 9:44 AM | IN 128 | | TXT | . |
| | 9:44 AM | IN 128 | | TXT | . |
| Feb 18 | 8:10 AM | IN 24273 | | TXT | . |
| | 8:27 AM | IN 24273 | | TXT | . |
| | 8:41 AM | IN 2300 | | TXT | . |
| | 8:51 AM | IN 24273 | | TXT | . |
| | 9:01 AM | IN 5 5386 | | TXT | . |
| | 11:22 AM | IN 128 | | TXT | . |
| | 11:22 AM | IN 128 | | TXT | . |
| Feb 19 | 8:52 AM | IN 2300 | | TXT | . |
| Feb 20 | 8:29 AM | IN 2300 | | TXT | . |
| | 9:24 AM | IN 24273 | | TXT | . |
| Feb 21 | 6:19 AM | IN 2300 | | TXT | . |
| | 8:45 AM | IN 2300 | | TXT | . |
| | 6:17 PM | IN 24273 | | TXT | . |
| Feb 22 | 5:23 AM | IN 128 | | TXT | . |
| | 6:16 AM | IN 2300 | | TXT | . |
| | 8:59 AM | IN 2300 | | TXT | . |
| Feb 24 | 7:06 AM | IN 2300 | | TXT | . |
| | 8:05 AM | IN 24273 | | TXT | . |
| | 8:24 AM | IN 2300 | | TXT | . |
| | 3:55 PM | IN 24273 | | TXT | . |
| | 5:01 PM | IN 24273 | | TXT | . |
| Feb 25 | 7:27 AM | IN (623) 356-0457 | Phoenix, AZ | TXT | . |
| | 9:17 AM | IN 2300 | | TXT | . |
| | 11:45 AM | IN 5 5386 | | TXT | . |
| | 1:54 PM | IN 128 | | TXT | . |
| | 1:54 PM | IN 128 | | TXT | . |
| | 3:32 PM | IN 128 | | TXT | . |
| | 3:32 PM | IN 128 | | TXT | . |
| | 3:32 PM | IN 128 | | TXT | . |
| | 4:55 PM | IN 24273 | | TXT | . |
| Feb 26 | 8:02 AM | IN 2300 | | TXT | . |
| | 10:20 AM | IN 9 8626 | | TXT | . |
| | 11:26 AM | IN 128 | | TXT | . |
| | 11:26 AM | IN 128 | | TXT | . |
| Feb 27 | 7:11 AM | IN 57 2837 | | TXT | . |
| | 8:01 AM | IN 67645 | | TXT | . |
| | 8:37 AM | IN 24273 | | TXT | . |
| | 8:42 AM | IN 2300 | | TXT | . |
| | 5:26 PM | IN 24273 | | TXT | . |
| Feb 28 | 5:14 AM | IN 2300 | | TXT | . |
| | 8:43 AM | IN 2300 | | TXT | . |
| | 1:18 PM | IN 4 0747 | | TXT | . |
| | 2:59 PM | OUT (872) 263-0590 | Chicago, IL | TXT | . |
| | 2:59 PM | IN (872) 263-0590 | Chicago, IL | TXT | . |
| | 3:01 PM | IN (872) 263-0590 | Chicago, IL | TXT | . |
| | 4:26 PM | IN 3 2318 | | TXT | . |
| Mar 01 | 2:47 AM | IN 128 | | TXT | . |
| | 2:47 AM | IN 128 | | TXT | . |
| | 8:20 AM | IN 2300 | | TXT | . |
| | 12:54 PM | IN 24273 | | TXT | . |
| | 12:54 PM | IN 24273 | | TXT | . |
| | 12:55 PM | IN 24273 | | TXT | . |
| | 4:05 PM | IN 67645 | | TXT | . |
| | 5:55 PM | IN 24273 | | TXT | . |
| | 6:48 PM | IN 24273 | | TXT | . |
| Mar 02 | 8:01 AM | IN 2300 | | TXT | . |
| | 8:03 AM | IN 7300 | | TXT | . |
| | 2:21 PM | IN (810) 252-7924 | Flint, MI | TXT | . |
| | 5:39 PM | IN 24273 | | TXT | . |
| Mar 03 | 5:44 AM | IN 2300 | | TXT | . |
| | 8:18 AM | IN 24273 | | TXT | . |
| | 12:32 PM | IN (513) 813-7884 | Cincinnati, OH | TXT | . |
| | 12:32 PM | IN (513) 813-7884 | Cincinnati, OH | TXT | . |
| | 12:37 PM | IN (586) 596-1508 | Roseville, MI | TXT | . |
| | 12:44 PM | IN 24273 | | TXT | . |
| | 12:53 PM | IN 24273 | | TXT | . |
| | 1:01 PM | IN 2300 | | TXT | . |
| | 1:28 PM | IN 24273 | | TXT | . |
| | 2:49 PM | IN 24273 | | TXT | . |
| | 6:24 PM | IN (248) 515-5319 | Troy, MI | TXT | . |
| | 6:24 PM | OUT (248) 515-5319 | Troy, MI | TXT | . |
| | 6:25 PM | IN (248) 515-5319 | Troy, MI | TXT | . |
| | 6:58 PM | IN 128 | | TXT | . |
| Mar 04 | 8:29 AM | IN 24273 | | TXT | . |
| | 4:00 PM | IN 5 5386 | | TXT | . |
| | 4:01 PM | IN 5 5386 | | TXT | . |
| Mar 05 | 8:05 AM | IN 128 | | TXT | . |
| | 8:05 AM | IN 128 | | TXT | . |
| | 8:19 AM | IN 24273 | | TXT | . |
| | 8:43 AM | IN 2300 | | TXT | . |
| | 11:38 AM | IN 2300 | | TXT | . |

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI. 48085


v.

Civil Action No. _____
Hon. _____

**U.S. Department of Justice,**
**Federal Bureau of Investigation,**
Defendants.


**EXHIBIT E-3**

T-Mobile Phone Records, produced by Carrier, (highlighted to show July 15, 2025 outgoing call from Plaintiff to the Detroit Field Office) - July, 2025


Submitted by,

Date:   September 2, 2025


**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI 48085
Phone: (248) 842-1412
Email:

_____

*Ahlam Khalid Nafisee*



### CONTINUED - (248) 390-3388 . DATA

**Left listing**

| When | Who | | Destination | Type | Cost |
|---|---|---|---|---|---|
| | 4:15 AM | IN 24273 | | TXT | - |
| | 5:53 AM | IN 24273 | | TXT | - |
| | 6:45 AM | IN 24273 | | TXT | - |
| | 7:00 AM | IN (734) 655-0215 | Livonia, MI | TXT | - |
| | 7:00 AM | IN (734) 655-0215 | Livonia, MI | TXT | - |
| | 7:52 AM | IN 128 | | TXT | - |
| | 7:53 AM | IN (833) 299-8825 | Incoming | TXT | - |
| | 7:58 AM | IN 2287 | | TXT | - |
| | 9:04 AM | IN 2287 | | TXT | - |
| | 12:07 PM | IN 2287 | | TXT | - |
| | 12:17 PM | IN 2287 | | TXT | - |
| | 12:24 PM | IN 2287 | | TXT | - |
| | 12:27 PM | IN 2287 | | TXT | - |
| | 12:57 PM | IN 24273 | | TXT | - |
| | 1:51 PM | IN 2287 | | TXT | - |
| | 2:51 PM | IN 24 2020 | | TXT | - |
| | 3:49 PM | IN 2287 | | TXT | - |
| | 3:51 PM | IN 2287 | | TXT | - |
| | 3:56 PM | IN 2287 | | TXT | - |
| | 3:58 PM | IN 2287 | | TXT | - |
| | 5:04 PM | IN 2287 | | TXT | - |
| | 5:07 PM | IN 2287 | | TXT | - |
| | 5:09 PM | IN 2287 | | TXT | - |
| | 5:43 PM | IN 2287 | | TXT | - |
| | 5:53 PM | IN 2287 | | TXT | - |
| | 5:55 PM | IN 2287 | | TXT | - |
| | 6:02 PM | IN 2287 | | TXT | - |
| | 6:13 PM | IN 2287 | | TXT | - |
| | 6:15 PM | IN 2287 | | TXT | - |
| | 6:17 PM | IN 2287 | | TXT | - |
| | 10:01 PM | IN 2287 | | TXT | - |
| | 10:20 PM | IN 2287 | | TXT | - |
| | 11:56 PM | IN 2287 | | TXT | - |
| Aug 09 | 5:25 AM | IN 24273 | | TXT | - |
| | 6:03 AM | IN 2287 | | TXT | - |
| | 6:06 AM | IN 2287 | | TXT | - |
| | 7:33 AM | IN 24273 | | TXT | - |
| | 8:22 AM | IN 2287 | | TXT | - |
| | 12:10 PM | IN 2287 | | TXT | - |
| | 12:14 PM | IN 2287 | | TXT | - |
| | 12:19 PM | IN 2287 | | TXT | - |
| | 12:23 PM | IN 2287 | | TXT | - |
| | 12:31 PM | IN 2287 | | TXT | - |
| | 12:33 PM | IN 2287 | | TXT | - |
| | 1:22 PM | IN 2287 | | TXT | - |
| | 1:36 PM | IN 2287 | | TXT | - |
| | 1:41 PM | IN 2287 | | TXT | - |
| | 2:05 PM | IN 2287 | | TXT | - |
| | 2:11 PM | IN 128 | | TXT | - |
| | 7:20 PM | IN 2287 | | TXT | - |
| | 8:04 PM | IN 2287 | | TXT | - |
| | 8:12 PM | IN 2287 | | TXT | - |
| | 9:04 PM | IN 2287 | | TXT | - |
| | 9:22 PM | IN 2287 | | TXT | - |
| Aug 10 | 4:10 AM | IN 74275 | | TXT | - |
| | 5:39 AM | IN 2287 | | TXT | - |
| | 6:02 AM | IN 2287 | | TXT | - |
| | 6:09 AM | IN 24273 | | TXT | - |
| | 7:36 AM | IN 2287 | | TXT | - |
| | 8:32 AM | IN 2287 | | TXT | - |
| | 11:22 AM | IN 24273 | | TXT | - |
| | 12:58 PM | IN 2287 | | TXT | - |
| | 1:18 PM | IN 2287 | | TXT | - |
| | 1:25 PM | IN 2287 | | TXT | - |
| | 1:33 PM | IN 2287 | | TXT | - |
| | 3:10 PM | IN 63149 | | TXT | - |
| | 3:47 PM | IN 2287 | | TXT | - |
| | 3:57 PM | IN 2287 | | TXT | - |
| | 4:14 PM | IN 2287 | | TXT | - |
| | 4:20 PM | IN 2287 | | TXT | - |
| | 4:22 PM | IN 2287 | | TXT | - |
| | 6:16 PM | IN 2287 | | TXT | - |
| | 6:50 PM | IN 2287 | | TXT | - |
| | 7:49 PM | IN 2287 | | TXT | - |
| | 9:04 PM | IN 2287 | | TXT | - |
| **Totals** | | | | | **$0.00** |

The date and time corresponds to Pacific Time (PST/PDT).

WHO: OUT Outgoing  IN Incoming  TYPE: TXT Text  RTXT Roaming Text

## DATA

| When | Service | Origin | Type | MB | Cost |
|---|---|---|---|---|---|
| Jul 11 | Web Access | Saudi Arabia | R | 0.3710 | - |
| Jul 12 | Web Access | Saudi Arabia | R | 0.0419 | - |
| Jul 13 | Web Access | Saudi Arabia | R | 0.1201 | - |
| Jul 14 | Web Access | Saudi Arabia | R | 0.0555 | - |
| Jul 15 | Web Access | Saudi Arabia | R | 0.0195 | - |

**Right listing (CONTINUED DATA)**

| When | Service | Origin | Type | MB | Cost |
|---|---|---|---|---|---|
| Jul 16 | Web Access | Saudi Arabia | R | 0.1003 | - |
| Jul 17 | Web Access | Saudi Arabia | R | 0.0273 | - |
| Jul 18 | Web Access | Saudi Arabia | R | 0.1541 | - |
| Jul 20 | Web Access | Saudi Arabia | R | 0.0312 | - |
| Jul 21 | Web Access | Saudi Arabia | R | 0.0350 | - |
| Jul 22 | Web Access | Saudi Arabia | R | 0.0044 | - |
| Jul 23 | Web Access | Saudi Arabia | R | 0.0966 | - |
| Jul 24 | Web Access | Saudi Arabia | R | 0.1159 | - |
| Jul 25 | Web Access | Saudi Arabia | R | 0.0262 | - |
| Jul 26 | Web Access | Saudi Arabia | R | 0.2067 | - |
| Jul 27 | Web Access | Saudi Arabia | R | 0.0885 | - |
| Jul 28 | Web Access | Saudi Arabia | R | 0.2743 | - |
| Jul 29 | Web Access | Saudi Arabia | R | 0.0849 | - |
| Jul 30 | Web Access | Saudi Arabia | R | 6.9402 | - |
| Jul 31 | Web Access | Turkey | R | 53.7264 | - |
| Jul 31 | Mobile Internet | - | - | 10.5683 | - |
| Aug 01 | Mobile Internet | - | - | 0.0233 | - |
| Aug 02 | Mobile Internet | - | - | 11.1316 | - |
| Aug 03 | Mobile Internet | - | - | 4.8837 | - |
| Aug 04 | Mobile Internet | - | - | 317.0877 | - |
| Aug 05 | Mobile Internet | - | - | 58.0758 | - |
| Aug 06 | Mobile Internet | - | - | 27.1327 | - |
| Aug 07 | Mobile Internet | - | - | 453.8005 | - |
| Aug 08 | Mobile Internet | - | - | 51.0231 | - |
| Aug 09 | Mobile Internet | - | - | 4.6531 | - |
| Aug 10 | Mobile Internet | - | - | 8.6829 | - |
| **Totals** | | | | **1,009.6427** | **$0.00** |

The date and time corresponds to Pacific Time (PST/PDT).

TYPE: R Roaming

## (248) 842-1412 — Jul 11 - Aug 10

### TALK

| When | | Who | Description | Type | Min | Cost |
|---|---|---|---|---|---|---|
| Jul 11 | 3:46 PM | OUT (248) 224-2544 | to Royal Oak/MI | W | 2 | - |
| | 7:53 PM | IN (586) 921-7497 | Incoming | W | 1 | - |
| Jul 13 | 4:46 PM | OUT (586) 404-0805 | to Roseville/MI | F | 2 | - |
| Jul 14 | 9:12 AM | OUT (248) 703-0248 | to Troy/MI | W | 2 | - |
| | 2:59 PM | IN (810) 602-0675 | Incoming | W | 5 | - |
| | 5:52 PM | OUT (248) 224-2544 | to Royal Oak/MI | W | 1 | - |
| Jul 15 | 9:29 AM | OUT (248) 224-2544 | to Royal Oak/MI | W | 3 | - |
| | 4:42 PM | IN (586) 404-0805 | Incoming | F | 2 | - |
| | 4:57 PM | OUT (248) 224-2544 | to Royal Oak/MI | - | 4 | - |
| | 5:16 PM | OUT (248) 224-2544 | to Royal Oak/MI | - | 1 | - |
| | 9:03 PM | OUT (313) 965-2323 | to Detroit/MI | W | 14 | - |
| Jul 16 | 8:39 AM | IN (248) 709-8356 | Incoming | F | 2 | - |
| Jul 17 | 12:39 PM | IN (248) 224-2544 | Incoming | W | 6 | - |
| Jul 18 | 5:09 PM | OUT (248) 224-2544 | to Royal Oak/MI | - | 1 | - |
| | 6:39 PM | OUT (248) 224-2544 | to Royal Oak/MI | - | 2 | - |
| Jul 19 | 7:35 PM | IN (248) 224-2544 | Incoming | W | 1 | - |
| | 8:39 PM | OUT (248) 224-2544 | to Royal Oak/MI | W | 22 | - |
| Jul 20 | 4:38 PM | OUT (248) 224-2544 | to Royal Oak/MI | W | 2 | - |
| | 7:18 PM | OUT (248) 224-2544 | to Royal Oak/MI | - | 1 | - |
| Jul 21 | 3:52 PM | IN (586) 921-7497 | Incoming | W | 1 | - |
| | 4:17 PM | IN (586) 921-7497 | Incoming | W | 1 | - |
| | 4:46 PM | IN (231) 786-7577 | Incoming | W | 1 | - |
| | 5:10 PM | OUT (248) 224-2544 | to Royal Oak/MI | - | 1 | - |
| | 10:31 PM | IN (248) 224-2544 | Incoming | W | 2 | - |
| Jul 24 | 8:40 AM | OUT (248) 288-2160 | to Royal Oak/MI | W | 5 | - |
| Jul 25 | 12:28 PM | IN (888) 414-1045 | Incoming | W | 2 | - |
| Jul 26 | 5:11 PM | OUT (586) 921-7497 | to Mt Clemens/MI | F | 2 | - |
| | 7:43 PM | IN (586) 921-7497 | Incoming | W | 1 | - |
| Jul 27 | 6:08 PM | IN (586) 921-7497 | Incoming | F | 1 | - |
| Jul 28 | 3:07 PM | OUT (248) 288-2160 | to Royal Oak/MI | W | 2 | - |
| Jul 29 | 9:12 AM | OUT (248) 900-9050 | to Ortonville/MI | W | 1 | - |
| | 12:14 PM | OUT (248) 900-9050 | to Ortonville/MI | W | 1 | - |
| Jul 30 | 2:59 PM | IN (586) 921-7497 | Incoming | W | 2 | - |
| Jul 31 | 8:54 AM | IN (914) 554-9941 | Incoming | - | 1 | - |
| | 1:09 PM | IN (680) 681-9725 | Incoming | W | 2 | - |
| | 3:42 PM | IN (586) 921-7497 | Incoming | W | 2 | - |
| | 7:24 PM | IN (248) 390-3388 | Incoming | F | 2 | - |
| | 7:38 PM | IN (248) 390-3388 | Incoming | F | 1 | - |
| | 7:40 PM | OUT (248) 390-3388 | to Pontiac/MI | F | 1 | - |
| | 7:48 PM | OUT (248) 390-3388 | to Pontiac/MI | F | 2 | - |
| | 8:36 PM | OUT (248) 589-8240 | to Royal Oak/MI | - | 1 | - |
| Aug 03 | 1:27 AM | OUT (800) 222-6424 | 1-800 # | W | 2 | - |
| | 1:44 AM | IN (248) 878-0771 | Incoming | W | 1 | - |
| Aug 04 | 8:26 PM | OUT (248) 301-2000 | to Commerce/MI | W | 4 | - |
| Aug 06 | 5:01 PM | IN (877) 818-1872 | Incoming | - | 1 | - |
| | 5:11 PM | IN (248) 390-3388 | Incoming | F | 8 | - |
| | 10:38 PM | IN (248) 390-3388 | Incoming | W | 1 | - |

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI, 48085


v.

                                         Civil Action No.   _____
                                              Hon.   _____

**U.S. Department of Justice,**
**Federal Bureau of Investigation,**
Defendants.


**EXHIBIT F**

Maryland OAG acknowledgement of receipt of Plaintiff's Maryland Public Information Act (MPIA) request - May 20, 2025


Submitted by,

Date:   September 2, 2025


**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI 48085
Phone: (248) 842-1412
Email:

_____

*Ahlam Khalid Nafisee*


Exhibit F Page 13 of 17

# Gmail

---

## MPIA Request- Referral Documentation for Complaint CPAS 2025-30 Clarification

---

**Robinson, Kavon** <KRobinson@oag.state.md.us>
To: "a.alnafisee@gmail.com" <a.alnafisee@gmail.com>
Cc: "Nyamekye, Maame" <MNyamekye@oag.state.md.us>

Tue, May 20, 2025 at 2:18 PM

Dear Ahlam,

The Maryland Office of the Attorney General has acknowledged receipt of your request as of 05/20/2025.

You requested to inspect:

**"Access to all records related to the referral of complaint CPAS 2025-30 to the Securities Division of the Maryland Attorney General's Office.**

**Specifically, I am seeking:**

**1. The identity of the individual(s) or agency who referred the above-mentioned complaint to your division;**

**2. The date and method of the referral;**

**3. Any cover letters, email correspondence, internal memoranda, or attachments submitted along with the referral;**

**4. Any documentation or intake records noting what materials were received (or not received) in connection with the referral;**

**5. Any communications concerning the referral or the Securities Division's receipt of the complaint, prior to May 20, 2025."**

Our office is currently reviewing the request and will respond accordingly. In the meantime, we would like to request clarification on "**CPAS 2025-30**". Your clarification will assist us in efficiently processing your request.

Thank you,



Kavon Robinson
Executive Assistant
**Office of the Attorney General**
Executive Division

Baltimore, Maryland 21202
p: 410-528-8663 |

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI, 48085


v.

Civil Action No. _____
Hon. _____


**U.S. Department of Justice,**
**Federal Bureau of Investigation,**
Defendants.


**EXHIBIT F-1**

Plaintiff's clarification email to Maryland OAG regarding (MPIA) request and complaint No. CPAS 2025-30 - May 20, 2025


Submitted by,

Date: September 2, 2025


**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI 48085
Phone: (248) 842-1412
Email:

_____

Exhibit F-1 Page 14 of 17

# Gmail

---

## MPIA Request- Referral Documentation for Complaint CPAS 2025-30 Clarification

---

**A Naf** <a.alnafisee@gmail.com>          Tue, May 20, 2025 at 4:11 PM
To: "Robinson, Kavon" <KRobinson@oag.state.md.us>
Cc: "Nyamekye, Maame" <MNyamekye@oag.state.md.us>

Dear Kavon Robinson,

Thank you for your acknowledgement of my Maryland Public information Act (MPIA) request.

To clarify, **"CPAS 2025-30"** refers to the DLLR complaint number assigned to the complaint I submitted to the
Maryland Department of Labor, Licensing and Regulation, on January 3, 2025, against Kenneth Hurley, CPA. This
internal reference number has been used in all related agency correspondence regarding this matter.

Please let me know if any additional information is required. I appreciate your time and efforts, and look forward to the
results of your review.

Sincerely,

Ahlam Nafisee

---

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI, 48085


v.

Civil Action No.  _____

Hon.  _____


**U.S. Department of Justice,**
**Federal Bureau of Investigation,**
Defendants.


**EXHIBIT F-2**

Plaintiff email to the Maryland OAG documenting a phone call received May 21, 2025, from Maryland Securities Commissioner Melanie Senter Lubin, in which Ms. Lubin repeatedly encouraged Plaintiff to rescind Plaintiffs MPIA request. The email was submitted to ensure the incident was recorded in the OAG's files and to preserve an accurate account of the intimidation attempt  - May 21, 2025


Submitted by,

Date:   September 2, 2025


**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI 48085
Phone: (248) 842-1412
Email: 

_____

Exhibit F-2 - Page 15 of 17

# Gmail

## MPIA Request- Referral Documentation for Complaint CPAS 2025-30 Clarification

**A Naf** <a.alnafisee@gmail.com>                                                        Wed, May 21, 2025 at 5:49 PM
To: "Robinson, Kavon" <KRobinson@oag.state.md.us>

Dear Mr. Kavon,

I hope this message finds you well.

I'm writing to document an unusual phone call I received earlier today from Maryland Securities Commissioner Melanie Senter Lubin regarding my Maryland Public Information Act (MPIA) request submitted on May 20, 2025.

Over the course of a 30-minute call, Commissioner Lubin repeatedly encouraged me to rescind my pending MPIA request. She also expressed interest in details surrounding the request's internal handling- though I chose not to provide that information, as I found the outreach concerning given the nature and neutrality expected in MPIA proceedings.

I wanted to ensure this interaction is noted for the record and that your office remains aware of the external pressure being applied to a lawful information request.

I trust your office will continue to process my request in accordance with the Maryland Public Information Act. Please don't hesitate to let me know if any additional information is needed on my end.

Sincerely,

Ahlam Nafisee

On Tue, May 20, 2025 at 2:19 PM Robinson, Kavon <                                    > wrote:

 Gmail

---

## Supplemental Context for MPIA Request

---

**A Naf** <a.alnafisee@gmail.com>                            Wed, May 21, 2025 at 11:01 PM
To: "Robinson, Kavon" <KRobinson@oag.state.md.us>
Bcc: Christopher Dorsey -LABOR- <christopher.dorsey@maryland.gov>, "octavia.shorter1@maryland.gov" <octavia.shorter1@maryland.gov>

Dear Mr. Robinson,

In the spirit of transparency and to assist your office in understanding the context of my MPIA request, I'm including a transcript prepared from detailed contemporaneous notes I took during a phone call with Commissioner Melanie Lubin on May 21, 2025.

The call raised several concerns regarding potential interference with the lawful review of my request. I felt it was important to share this context with your office, as the conversation pertained directly to the subject of the MPIA inquiry.

Please don't hesitate to reach out if you require further clarification.


Sincerely,

Ahlam Nafisee


📄 **Melanie Lubin Call from May 21, 2025.docx**
42K

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI, 48085


v.

                                        Civil Action No.  _____
                                              Hon.  _____

**U.S. Department of Justice,**
**Federal Bureau of Investigation,**
Defendants.


**EXHIBIT F-3**

Maryland OAG reply to Plaintiff's MPIA request, stating Plaintiff's case file had been referred by the Department of Labor, and Licensing and Regulation (DLLR) - May 22, 2025


Submitted by,

Date:   September 2, 2025


**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI 48085
Phone: (248) 842-1412
Email:

_____
Ahlam Khalid Nafisee


Exhibit F-3 - Page 16 of 17

# Gmail

---

## MPIA Request- Referral Documentation for Complaint CPAS 2025-30 Clarification

---

**Robinson, Kavon** <KRobinson@oag.state.md.us>                                    Thu, May 22, 2025 at 2:22 PM
To: A Naf <a.alnafisee@gmail.com>

Hi Ahlam Nafisee,

Thank you for bringing this matter to our attention. We apologize for any misunderstandings that may have occurred during this process.

Upon receipt of your Public Information Act (PIA) request, we promptly directed it to the appropriate OAG personnel for the Maryland Department of Labor, Licensing and Regulation (DLLR). They will be responsible for reviewing and responding to your request.

Lastly, it appears that you submitted a complaint through the OAG website, which was initially routed to our Consumer Protection Division and then inadvertently forwarded to the Securities Division. However, based on the information provided, your complaint appears to fall under the jurisdiction of DLLR, which is where your complaint was filed and also the basis for your PIA request. Please let me know if I've misunderstood any part of this.

If you have any further questions, please feel free to reach out.



Kavon Robinson
*Executive Assistant*
**Office of the Attorney General**
Executive Division

Baltimore, Maryland 21202
p: 410-528-8663 |

www.marylandattorneygeneral.gov

📄 **20250216 Complaint against Kenneth Hurley and Acon Investment Firm.pdf**
427K

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI, 48085


v.

Civil Action No.   _____
Hon.   _____

**U.S. Department of Justice,**
**Federal Bureau of Investigation,**
Defendants.


**EXHIBIT F-4**

Maryland OAG second reply to Plaintiff's MPIA request, stating that no responsive records existed within the OAG custody on Plaintiff's case file, or its referral - May 28, 2025


Submitted by,

Date:   September 2, 2025


**Ahlam Khalid Nafisee**
Plaintiff, pro se
43287 Dequindre Rd
Troy, MI 48085
Phone: (248) 842-1412
Email:

_____

*Ahlam Khalid Nafisee*


Exhibit F-4 - Page 17 of 17

## Gmail

---

## FW: MPIA Request Response - Referral Documentation for Complaint CPAS 2025-30

---

**Robinson, Kavon** <KRobinson@oag.state.md.us>                     Wed, May 28, 2025 at 12:55 PM
To: "a.alnafisee@gmail.com" <a.alnafisee@gmail.com>
Cc: "Nyamekye, Maame" <MNyamekye@oag.state.md.us>, "Jewson, Janice" <jjewson@oag.state.md.us>

Dear Ahlam Nafisee,

This email is a response to your Public Information Request dated May 20, 2025 in which you requested certain records under the Public Information Act, Annotated Code of Maryland, General Provisions Article ("GP"), § 4-101 et seq. Your request stated:

"Pursuant to the Maryland Public Information Act, I am formally requesting access to all records related to the referral of complaint CPAS 2025-30 to the Securities Division of the Maryland Attorney General's Office.

Specifically, I am seeking:

1. The identity of the individual(s) or agency who referred the above-mentioned complaint to your division;

2. The date and method of the referral;

3. Any cover letters, email correspondence, internal memoranda, or attachments submitted along with the referral;

4. Any documentation or intake records noting what materials were received (or not received) in connection with the referral;

5. Any communications concerning the referral or the Securities Division's receipt of the complaint, prior to May 20, 2025.

Please provide the above records in electronic format if possible. Should there be any costs associated with locating or reproducing these documents, kindly notify me in advance."

We have completed our search and were unable to locate any records responsive to your request that are within the custody or control of the Office of the Attorney General (OAG).

No fee has been assessed for your request.

Also, if you have any questions about this email letter, please feel free to contact me.

**From:** A Naf
**Sent:** Tuesday, May 20, 2025 8:00 AM
**To:** OAG - Securities ;                               ; Jewson, Janice

**Subject:** MPIA Request- Referral Documentation for Complaint CPAS 2025-30

Some people who received this message don't often get email from

Dear Records Custodian,

Pursuant to the Maryland Public Information Act, I am formally requesting access to all records related to the referral of complaint **CPAS 2025-30** to the Securities Division of the Maryland Attorney General's Office.

Specifically, I am seeking:

1.
The identity of the individual(s) or agency who referred the above-mentioned complaint to your division;

2.
The date and method of the referral;

3.
Any cover letters, email correspondence, internal memoranda, or attachments submitted along with the referral;

4.
Any documentation or intake records noting what materials were received (or not received) in connection with the referral;

5.
Any communications concerning the referral or the Securities Division's receipt of the complaint, prior to May 20, 2025.

Please provide the above records in electronic format if possible. Should there be any costs associated with locating or reproducing these documents, kindly notify me in advance.

Thank you for your time and attention to this matter. I look forward to your response within the timeframe provided under the MPIA.

Sincerely,

Ahlam Nafisee

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
AHLAM KHALID NAFISEE
43287 DEQUINDRE ROAD
TROY, MI 48035

**(b)** County of Residence of First Listed Plaintiff OAKLAND COUNTY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)* Pro SE
AHLAM KHALID NAFISEE, PRO SE
43287 DEQUINDRE ROAD
TROY, MI 48035 (248)842-1412

## DEFENDANTS
U.S. DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF INVESTIGATION

County of Residence of First Listed Defendant WASHINGTON,
*(IN U.S. PLAINTIFF CASES ONLY)* DISTRICT OF COLUMBIA

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI / [ ] 865 RSI (405(g)) | (X) 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | (X) 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations / [ ] 530 General | | | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
FOIA 5 U.S.C. § 552 —
Brief description of cause: DOJ FAILURE TO PROVIDE RECORDS RESPONSIVE TO PLAINTIFF'S FOIA REQUESTS

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 9-2-2025

SIGNATURE OF ATTORNEY OF RECORD Ahlam Khalid Nafisee, PLAINTIFF PRO SE

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____