UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AHLAM KHALID NAFISEE,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br><br>Defendants. | Case No. 25-12760<br>Honorable Brandy R. McMillion<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL (ECF NO. 21)**

**A.**

Pro se Plaintiff Ahlam Khalid Nafisee sues the Department of Justice and the Federal Bureau of Investigation (FBI) for several alleged violations of the Freedom of Information Act. ECF No. No. 1. The Honorable Brandy R. McMillion referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. No. 13. Nafisee moves for the undersigned to recuse herself under 28 U.S.C. § 455(a). ECF No. 21.

A judge is presumed to be impartial, and a party moving for recusal bears the burden of showing that the judge should be disqualified. *Scott v. Metro Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2001); *Burley v.*

*Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016). To sustain that burden, a party alleging bias or prejudice must file "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144.

Recusal is an objective standard and is not based on the subjective viewpoint of the party. *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989). Disqualification is required "[w]here [a Judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). A judge is not disqualified when the alleged bias emanates from the proceedings themselves. *Wheeler*, 875 F.2d at 1252. Thus, the "critical test is whether the alleged bias 'stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" *Id.* (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1965)).

Nafisee questions the Court's impartiality after a February 2026 scheduling conference and a July 2026 status conference. ECF No. 16; ECF No. 19. She contends that the Court gave "unequal consideration of the parties' competing positions" as to the next steps in her case during

those conferences. ECF No. No. 21, PageID.170. Her allegations fail to show that recusal is warranted.

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion…. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible…. *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune.

*Liteky v. United States*, 510 U.S. 540, 555–56 (1994) (emphasis in original).

As described below, Nafisse's motion emanates from the proceedings themselves and does not support recusal. *See Wheeler*, 875 F.2d at 1252.

**B.**

Nafisee claims that cumulative circumstances have created an appearance of bias. ECF No. 21. Some of the circumstances she complains of were created by court staff and defense counsel rather than the undersigned. *Id*. And both Nafisee and defense counsel appear to agree that the Court has treated her politely. ECF No. 26, PageID.299; ECF No. 28, PageID.317. Thus, the Court has struggled to understand the bases for Nafisee's motion and finds that her primary complaints lack merit.

First, Nafisee complains that the Court agreed to the government's proposed time for completing its production of documents and declaration (the Vaughn index). But the Court was not dismissive of Nafisee's request for that production to be complete within 30 days of the scheduling conference rather than the six months the government requested. The discussion about that deadline was extensive, with each party addressing the factual and legal bases for their positions. ECF No. 23, PageID.251-264. Nafisee provided citations to statutes and case law and that the Court took the time to review during the conference. *Id*., PageID.252-259. The Court also pressed government counsel to explain why the declaration and production could not be completed sooner, and asked Nafisee to explain any urgency that required quicker completion. *Id*., PageID.256-257, 260.

The decision to adopt the government's timetable resulted from careful deliberation rather than bias.

Secondly, as described in her reply brief, Nafisee asserted that recusal was warranted because this Court employed a cooperative process and recognized defense counsel's cooperative approach to this litigation. ECF No. 28, PageID.318-319, 322. The Court has ordered the parties to confer about resolving alleged discrepancies in the government's production and about whether she should amend her complaint. As the Court repeatedly explained to Nafisee, she must seek concurrence from the government before filing any motions under E.D. Mich. LR 7.1(a). *See* ECF No. 31, PageID.332-333, 335, 339-340, 342-347. Nafisee describes the production as being "quite long" and having "a lot of inconsistencies." ECF No. 31, PageID.347. Thus, the parties must have adequate time to confer before they will know the extent to which judicial intervention is needed. *See Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999) ("They must deliberate, confer, converse, compare views, or consult with a view to resolve the dispute without judicial intervention. They must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking" and

what "other issues, if any, cannot be resolved without judicial intervention.").

At bottom, Nafisee points to no "display [of] a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Rather, she complains of "ordinary efforts at courtroom administration," which cannot support disqualification. *Id.* at 556.

The Court thus **DENIES** Nafisee's motion for recusal.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 3, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 3, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager