UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AHLAM KHALID NAFISEE,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br><br>Defendants. | Case No. 25-12760<br>Honorable Brandy R. McMillion<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTION FOR LIMITED STAY (ECF NO. 36)**

Plaintiff Ahlam Khalid Nafisee, proceedings pro se, moves for a limited stay pending her objections to this Court's orders. ECF No. 36. The Court denies the motion.

The party seeking a stay pending an appeal must establish that a stay is warranted. *Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001). The Court must consider four factors when deciding a motion to stay:

> 1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; 2) the likelihood that the moving party will be irreparably harmed absent a stay; 3) the prospect that others will be harmed if the court grants the stay; and 4) the public interest in granting the stay.

*Id.* The most critical factors are the first two, and Nafisee bears a heavy burden in seeking a stay. *United States v. Abrego*, 788 F. Supp. 3d 937, 943 (M.D. Tenn. 2025).

Nafisee fails to show a likelihood of success on the merits. She does not show that the Court's procedural decisions were "clearly erroneous or contrary to law," as required for reversal under Fed. R. Civ. P. 72(a). Rather, Nafisee complains about decisions that are well within the Court's "broad discretion under the rules of civil procedure to manage the discovery process and control their dockets." *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014).

And Nafisee's claim of prejudice is meritless. Her complaints stem from the Court's order for her to provide the government with a list of the deficiencies in the Vaughn index that she alleges. Nafisee complains that the Court is forcing her to disclose her work product as defined by Federal Rule of Civil Procedure 26(b)(3). ECF No. 36. Rather than engaging in a cooperative process, Nafisee wishes to withhold the factual bases for her claim of deficiencies until the parties engage in motion practice. *Id*. But "the facts which form the basis of legal contentions" are not privileged. *Wright v. Firestone Tire & Rubber Co.*, 93 F.R.D. 491, 493 (W.D. Ky. 1982). Rule 26(b)(3) protects mental impressions, not "recitation[s] of factual

information." *U.S. ex rel. Burns v. A.D. Roe Co.*, 904 F. Supp. 592, 594 (W.D. Ky. 1995). And "[t]he district court and defendants should not have to fish a gold coin from a bucket of mud to identify the allegations really at issue." *Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021).

The Court has also "repeatedly" explained to Nafisee that "she must seek concurrence from the government before filing any motions under E.D. Mich. LR 7.1(a)." ECF No. 32, PageID.359. The required meet-and-confer process is a staple of civil litigation. *See Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999) ("They must deliberate, confer, converse, compare views, or consult with a view to resolve the dispute without judicial intervention. They must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking" and what "other issues, if any, cannot be resolved without judicial intervention.").

The Court thus **DENIES** Nafisee's motion for a limited stay.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 15, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 15, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager