UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AHLAM KHALID NAFISEE,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br><br>Defendants. | Case No. 25-12760<br>Honorable Brandy R. McMillion<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTION TO PRESERVE AND CLARIFY THE RECORD (ECF NO. 42)**

Plaintiff Ahlam Khalid Nafisee, proceeding pro se, sues the Department of Justice and the Federal Bureau of Investigation for several alleged violations of the Freedom of Information Act. ECF No. 1. The Honorable Brandy R. McMillion referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 13. Defendants have produced the documents Nafisee requested along with a Vaughn index, but she claims factual discrepancies exist. ECF No. 29, PageID.325. So this litigation is no longer focused on Nafisee's request for documents; it has evolved into a series of her meritless challenges to the

conduct of the undersigned, defense counsel, and court personnel. Consequently, the Court and defense counsel have had to waste limited resources addressing Nafisee's frivolous motions.

Nafisee's motion practice aligns with the sharp increase in frivolous pro se filings that burden the Court. *See In re McDonald*, 489 U.S. 180, 184-185 (1989) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."); *U.S. ex rel. Verdone v. Cir. Ct. for Taylor Cnty.*, 73 F.3d 669, 671 (7th Cir. 1995) ("Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders."); *Thanedar v. Time Warner, Inc.*, 352 F. App'x. 891, 900 (5th Cir. 2009) ("[i]t is well-settled that a plaintiff's pro se status does not give him a license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.").

Nafisee now makes a mountain out of a molehill by moving for the Court to "preserve and clarify the record" because the Clerk's Office stamped her complaint as a "poor quality original." ECF No. 42; *see* ECF

No. 1, PageID.1. The "poor quality original" designation merely indicates that the Clerk's office could not upload the filing to ECF in a higher quality. Nafisee claims that some information in her complaint was either diminished or omitted was uploaded by the Clerk's office, mostly because colored text in the original was uploaded in black and white, but she cites no resulting prejudice. ECF No. 42, PageID.553-558. The allegations in her unsworn complaint are not evidence supporting her claims. *Mack v. Bessner*, 512 F. Supp. 3d 784, 792 (E.D. Mich. 2021). And as noted, Nafisee has obtained the documents and Vaughn index she requested in her complaint. So Nafisee has not been harmed by the quality of her complaint upload. Yet, she asks to Court to preserve the original upload of her complaint, investigate the cause of the poor quality, and correct the record. ECF No. 42, PageID.558.

Nafisee cites no precedent for her request for the Court to initiate exhaustive processes to address the way her complaint was filed, though "poor quality original" designations on pro se complaints are frequent. She loosely relies on immaterial authority, including a Supreme Court opinion from 1877, for the proposition that the Court has supervisory authority over its records. *See* ECF No. 42, PageID.548, 550. None of her authority indicates that the Court and its Clerk's office must use its limited resources

to investigate the cause and to correct the poor quality of uploaded complaints. Before Nafisee files more motions with this Court, she is **WARNED** to look for precedent that applied the legal rules she cites to facts that are analogous to those she relies on. Her loose application of legal rules does not suffice.

The Court also **WARNS** Nafisee that she will face sanctions if she files more frivolous motions, including the involuntary dismissal of her case. *See Hardy v. Whitaker*, 351 F.R.D. 84, 100-102 (E.D. Mich. 2026).

Nafisee's motion is **DENIED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 8, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. L.R. 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 8, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager