**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AHLAM KHALID NAFISEE,

Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE, and FEDERAL BUREAU OF INVESTIGATION,

Defendants.

Case No. 25-cv-12760

Honorable Brandy R. McMillion
Mag. Judge Elizabeth A. Stafford

---

## ORDER OVERRULING OBJECTIONS

Plaintiff Ahlam Khalid Nafisee ("Plaintiff") filed this *pro se* suit pursuant to the Freedom of Information Act, 5 U.S.C. §552 ("FOIA"), against Defendant U.S. Department of Justice and the Federal Bureau of Investigation (collectively, "Defendants") over records relating to Plaintiff's calls to Maryland officials. *See generally* ECF No. 1. Before the Court are Plaintiff's Objections to the Magistrate Judge's Orders Denying the Motion to Adjourn (ECF No. 27), Denying Recusal (ECF Nos. 31, 32), Resolving Alleged Discrepancies in Production under FOIA (ECF No. 29), Denying Motion to Stay (ECF No. 37), as well as the government's responses to those objections and Plaintiff's replies in support thereof.[1] The Court

[1] *See* Objections – ECF Nos. 33, 34, 35, 38; Responses – ECF Nos. 39, 40, 41, 43; Replies – ECF Nos. 44, 45, 46, 47.

has reviewed the Magistrate Judge's Orders, the Objections, the Responses and Replies, as well as the record in this matter, and for the reasons stated herein, the Objections are **DENIED**.

* * * *

District courts may "reconsider" a magistrate judge's decision on a nondispositive "pretrial matter" only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). *See also* Fed. R. Civ. P. 72(a). "A factual finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Bisig v. Time Warner Cable, Inc.,* 940 F.3d 205, 219 (6th Cir. 2019) (cleaned up). "[A]n order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id*. (cleaned up).

The first objection (ECF No. 33), which objects to Judge Stafford's denial of the Motion to Adjourn the August 31, 2026 Status Conference, is moot. The status conference was held, and doing so was not improper. Magistrate Judges have wide discretion to manage their dockets and the cases that appear before them, including the ability to set and hold conferences. *See* Fed. R. Civ. P. 72; *see e.g. Key v. City of Detroit*, 734 F. Supp. 3d 661, 663-664 (E.D. Mich. 2024). Therefore, even if the objection were not moot, the Court would still overrule it.

The second objection (ECF No. 34) objects to Judge Stafford's refusal to

recuse. Plaintiff argues that in refusing recusal, Magistrate Judge Stafford improperly treated an extrajudicial source as a prerequisite to recusal and conflated the §144 affidavit procedure and §455(b)(1) concepts with the §455(a) inquiry. ECF No. 34, PageID.393, 409-411. The Court reviewed the order and disagrees. Judge Stafford properly analyzed recusal under 28 U.S.C. §§ 144, 455, and aptly applied *Liteky v. United States*, 510 U.S. 540 (1994). Plaintiff's complaints about the Magistrate Judge concern her judicial decision-making in this case, which does not constitute the extrajudicial conduct required for recusal. *See Youn v. Track, Inc.*, 324 F.3d 409, 422-23 (6th Cir. 2003) (holding that "recusal is also unwarranted because plaintiffs do not allege bias from extrajudicial sources"). And Section 455(b)(1) requires disqualification for ***actual*** partiality (*i.e.*, when a judge "has a personal bias or prejudice toward a party"). *Youn*, 24 F.3d at 423 ("'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases."); *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005) ("In order to justify recusal under 28 U.S.C. § 455, the judge's prejudice or bias must be personal or extrajudicial." (*citing United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999)); *In re M. Ibrahim Khan*, P.S.C., 751 F.2d 162, 164 (6th Cir. 1984) ("[B]ias sufficient to justify recusal must be a personal one and not one arising from the judge's view of the law." (collecting cases)). The Court finds none to be present here. Accordingly, the Court overrules Plaintiff's objection.

The next objection (ECF No. 35) objects to Judge Stafford's order requiring Plaintiff to serve Defendants with a written list of the alleged discrepancies with specific citations to the documents which she claims she cannot reconcile from the existing record. Because Defendants produced the requested FOIA documents with a Vaughn index, the Magistrate Judge was correct to ask Plaintiff to provide a specific list of the factual discrepancies she claimed she could not reconcile, and to order Defendants' response. Nothing in the order prevents Plaintiff from filing whatever motions she deems necessary or affects any burdens regarding the claims and defenses in this matter. The order merely requests that Plaintiff present whatever issues she cannot reconcile and requires Defendants to respond prior to another status conference with the Magistrate Judge. Nothing about this order is contrary to law or clearly erroneous. Accordingly, the Court also overrules that objection.

The final objection (ECF No. 38) objects to the Magistrate Judge's denial of a limited stay. This further objects to Plaintiff being required to produce the written list of alleged discrepancies. For the reasons already stated, that objection is overruled. It follows that because the Court is requiring compliance with that order, this objection is also overruled. No stay is being granted, and the parties are ordered to comply with the deadlines previously set by the Magistrate Judge.

* * * *

The Court, having reviewed each of Magistrate Judge Stafford's rulings, finds

that none of them are "clearly erroneous or contrary to law," and therefore will overrule Plaintiff's objections. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Objections (ECF Nos. 33, 34, 35, 38) are all **OVERRULED**.

**IT IS FURTHER ORDERED** that as required by Magistrate Judge Stafford's August 31, 2026 Order, Plaintiff shall serve Defendants with a written list of the alleged discrepancies she cannot reconcile with specific citations to the documents to which she refers no later than **October 30, 2026**. Defendants must respond no later than **December 7, 2026**.

**IT IS FURTHER ORDERED** that the Magistrate Judge Stafford's Orders Denying the Motion to Adjourn (ECF No. 27), Denying Recusal (ECF Nos. 31, 32), Resolving Alleged Discrepancies in Production under FOIA (ECF No. 29), Denying Motion to Stay (ECF No. 37) are all **AFFIRMED**.

**IT IS SO ORDERED**.

Dated: October 13, 2026

s/Brandy R. McMillion
Hon. Brandy R. McMillion
United States District Judge